Marshall, C. J.
 

 The allegations of the petition and the admissions in the answer were such as to raise an issue upon the subject of
 
 res ipsa loquitur,
 
 and the evidence offered by plaintiff, meager as it was, was such as to require the defendant to go forward with an explanation of the cause of the severance of the wire. Defendant’s counsel evidently appreciated this situation, because, upon the overruling of the motion for a directed verdict at the close of plaintiff’s testimony, the defendant proceeded to call witnesses. The motion for directed verdict having been overruled, and the defense having introduced evidence for the purpose of explaining the severance of the wire, consistency on the part of the trial court required a charge on the subject of
 
 res ipsa loquitur,
 
 unless the evidence of the defendant by way of explanation was so direct and conclusive as to the cause of severance as to leave no question of fact upon the subject of the cause of the severance for the jury to decide. The common pleas court was evidently of the opinion that that evidence was not conclusive. It is
 
 *457
 
 equally apparent that the Court of Appeals believed it to be conclusive, because it was stated in the opinion of the Court of Appeals that “the presumption of negligence arising from the falling of the wire had been destroyed” and that the fact of charging at all upon the subject of
 
 res ipsa loquitur
 
 was prejudicial error. An examination of the testimony of defendant’s witnesses discloses that no witness observed the act of shooting, no witness saw the wire fall as a result of a shot, neither was there any direct evidence on the part of either plaintiff or defendant relative to the cause of the severance of the wire. Upon the part of the plaintiff, reliance was placed upon the control and management of the transmission line by the defendant, and upon the fact that its falling was such an occurrence as in the ordinary course of events does not happen if due care has been exercised, and upon the rule of law which permits an inference to be drawn from the fact of such exclusive control, and the fact that the accident is such as in the ordinary course of things does not happen if those having the management use reasonable care. On the part of the defendant no direct evidence was offerred, but reliance was placed upon certain facts and circumstances. The trial court charged that those facts and circumstances were to be weighed by the jury. The Court of Appeals reversed upon the theory that the inference had been destroyed. It is conceivable that the evidence on the part of a defendant could be so direct, so clear and so unimpeachable that a trial court would be justified in declaring that the inference had been fully met. But it is quite certain
 
 *458
 
 that it has never been decided in any reported case prior to this declaration of the Court of Appeals that the explanation should not be submitted to the jury under proper instructions. All of the adjudications are to the contrary. The jury was not required to believe that the explosions heard by the witnesses who testified for the defendant were caused by pistol shots. It being the evening of July 4th, the jury might have believed that they were perfectly harmless explosions which frequently occur as a part of the celebration of that holiday. The jury was not required to believe, however credible the witnesses, that the cartridge shell was found near the place of the severed wire. The jury was not required to believe that the wires were in good condition prior to the accident, or that the condition of the wire at the point of severance was such as to indicate that the same was caused by a bullet or any external cause. The two ends of the wire were offered in evidence and became a part of the record. Without attempting to declare the cause of the severance, the condition of the two ends is such as to preclude any court from declaring as a legal conclusion that the severance was caused by a bullet. If the trial court had refused to charge upon the maxim of
 
 res ipsa lo
 
 quitur, and if the trial court had declared, as the Court of Appeals has declared, that the inference had been completely destroyed, the trial court by such action would have invaded the province of the jury.
 

 The doctrine of
 
 res ipsa loquitur
 
 involves a rule of considerable difficulty, and has become involved' in much contradiction in the courts of various juris
 
 *459
 
 dictions, and the former decisions of this court are not entirely free from contradiction. The difficulty has arisen in part in a confusion of terms and a failure to draw the proper distinction between presumptions and inferences. It will be found that the more carefully considered opinions of this and other courts have avoided treating the rule as a presumption. The distinction between an inference and a presumption is well stated by Judge Wilkin in
 
 Ensel
 
 v.
 
 Lumber Ins. Co.,
 
 88 Ohio St., 269, 102 N. E., 955, at page 282 of the opinion, (102 N. E., 959) which we quote:
 

 “The error of counsel throughout this case, lies in a confusion of terms. They mistake inference for presumption — a slip too often unconsciously made by judges as well as lawyers. A presumption is a rule which the law makes upon a given state of facts; an inference is a conclusion which, by means of data founded upon common experience, natural reason draws from facts which are proven. ’ ’ ■ Paraphrasing the language of Judge Wilkin and applying it to the present controversy, the court would have been more accurate in charging that, owing to the fact and circumstance of the defendant having the management and control of the wire and poles, the same being charged with a dangerous current of electricity, and the wire being found broken and lying in the highway, and the cause of plaintiff’s injuries, the jury would be warranted in inferring negligence on the part of the defendant. Such an inference of negligence, if drawn by the jury, would become a conclusion founded upon common experience. To say that a presumption of negligence arises upon the foregoing facts and
 
 *460
 
 circumstances is to say that those facts and circumstances create a rule of law, which would necessarily cast upon the defendant the burden of overcoming the same by a preponderance of evidence and not merely meeting them by evidence of equal weight.
 

 Wigmore has discussed this proposition in his work on Evidence, Yol. 5, Sections 2490 and 2491, in which he reaches the conclusion that presumptions ' of fact are not presumptions at all. It is further declared that a presumption is a rule of law laid down by the judge attaching to one evidentiary fact certain procedural consequences as to the duty of production of other evidence by the opponent. He further states:
 

 “It is based, in policy, upon the probative strength, as a matter of reasoning and inference, of the evidentiary fact; but the presumption is not the fact itself, nor the inference itself, but the legal consequence attached to it.”
 

 In
 
 Cogdell
 
 v.
 
 Wilmington & W. Rd. Co.,
 
 132 N. C., 852, 44 S. E., 618, it is stated:
 

 “The court was requested to charge that there was a presumption that the deceased had exercised care, which the court refused to give, but charged the jury that there was an inference that due care was exercised. * * # The presumption has a technical force of weight and the jury, in the absence of sufficient proof to overcome it, should find according to the presumption, but in the case of a mere inference there is no technical force attached to it. The jury, in the case of an inference, are at liberty to find the ultimate fact one way or the other as they may be impressed by the
 
 *461
 
 testimony. In the one ease the law draws a conclusion from the state of the pleadings and evidence and in the other case the jury draw it. An inference is nothing more than a permissible deduction from the evidence, while a presumption is compulsory and cannot be disregarded by the jury.”
 

 One of the causes of the difficulty in which the doctrine of
 
 res ipsa loquitur
 
 is involved lies in the fact that facts and circumstances widely differ, and the obligation of due care also widely differs in different cases. For instance, it has long been recognized that a high degree of care is owing by a carrier to a passenger, and in those cases where the rule of
 
 res ipsa loquitur
 
 has application the carrier is charged with the burden of proving that the accident was not occasioned by its negligence. This has been declared by a number of decisions of the United States Supreme Court, and this rule would clearly be a proper rule in this court where the relation of carrier and passenger is involved. In ordinary cases of negligence it is only necessary to meet the inference by evidence of equal weight. It would be fruitless to review any considerable number of the cases on the subject of
 
 res ipsa loquitur,
 
 because of the confusion in which the decisions are involved. A very clear opinion is found in
 
 Sweeney
 
 v. Erving, 228 U. S., 233, 33 S. Ct., 416, 57 L. Ed., 815, Ann. Cas., 1914D, 905. We quote from page 240 of the opinion (33 S. Ct., 418):
 

 “In our opinion,
 
 res ipsa loquitur
 
 means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of
 
 *462
 
 negligence where direct evidence of it may he lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict.”
 

 The court in that case cited a number of authorities. That case and the authorities cited and approved studiously avoided the use of the word “presumption.” The court particularly approved the case of
 
 Stewart
 
 v.
 
 Carpet Co.,
 
 138 N. C., 60, 50 S. E., 562, and the opinion of that case, at page 66 (50 S. E., 565), as follows:
 

 “The rule of
 
 res ipsa loquitur
 
 does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator attributable to the defendant’s negligence. The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be sufficient for the consideration of the jury even in the absence of any additional evidence.”
 

 The court in the instant case carefully defined preponderance of the evidence and carefully placed upon the plaintiff the burden of proving negligence by a preponderance of the evidence.
 

 The principles governing the rule of
 
 res ipsa loquitur
 
 have been set forth at some length in
 
 St. Marys Gas Co.
 
 v.
 
 Brodbeck, Adm’r.,
 
 114 Ohio St., 423, 151 N. E., 323. One paragraph from page
 
 *463
 
 433 of the opinion (151 N. E., 326) in that case becomes the controlling rule of law in the instant case:
 

 “It is a rule of .evidence which permits or requires the inference of negligence where an accident occurs under circumstances where, in the ordinary-course of events, such accidents do not occur. It is at best an evidential inference not binding upon a jury, but to be considered by it under proper instructions. The weight of the inference as well as the weight of the explanation is for the determination of the jury.”
 

 In the argument of the instant case counsel for both parties referred to
 
 Loomis
 
 v.
 
 Toledo Rys. & Light Co.,
 
 107 Ohio St., 161, 140 N. E., 639. The conclusions we have reached do no violence to the results reached in that case. That was a case where poles had been broken down by a severe storm, and one of the poles, in falling, injured the claimant. That case was decided upon the authority of
 
 Sweeney
 
 v.
 
 Erving,
 
 228 U. S., 233, 33 S. Ct., 416, 57 L. Ed., 815, Ann. Cas., 1914D, 905;,
 
 Metropolitan Ry. Co.
 
 v.
 
 Jackson,
 
 3 L. R. App. Cas., 193;
 
 McGrath
 
 v.
 
 St. Louis Transit Co.,
 
 197 Mo., 97, 94 S. W., 872;
 
 Wadsworth
 
 v.
 
 Boston El. Ry. Co.,
 
 182 Mass., 572, 66 N. E., 421, and other cases. The controlling fact in the
 
 Loomis case
 
 was that the casualty was as attributable to the
 
 vis major
 
 as to any negligence on the part of the defendant, and that under such circumstances the rule of
 
 res ipsa loquitur
 
 has no application. All of the cases cited bear out that theory and clearly establish the rule of law that the doctrine of
 
 res ipsa loquitur
 
 should not be applied, where, by the pleadings and the
 
 *464
 
 evidence of the defendant, another cause equally efficient is shown.
 

 The rule established by those authorities is well stated in 1 Shearman
 
 &
 
 Redfield on Negligence (6 Ed.), Section 58b, as follows:
 

 “The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury an inquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms.”
 

 The charge to the jury in the instant case, while correct in its general instruction upon the subject of negligence and the burden of proof, was somewhat" involved in the indiscriminate use of the term “presumption,” and it is therefore impossible to determine whether or not the verdict of the jury was influenced by that portion of the charge. The majority of the court is therefore' of the opinion that the judgment of the Court of Appeals should be reversed, and the cause remanded to the court of common pleas for a new trial in accordance with this opinion.
 

 Judgment reversed and cause remanded.
 

 Kinkade, Robinson and Matthias, JJ., concur.
 

 Day and Allen, JJ., concur in the syllabus and in the judgment of reversal, but not in remanding the cause.