WALKER, APPELLANT, *v.* THE TOLEDO HOTEL CO., APPELLEE.

230

(Decided June 6, 1938.)

*Messrs. Cotter & McFellin* and *Mr. William H. McLellan, Jr.,* for appellant.

*Messrs. Fraser, Effler, Shumaker & Winn,* for appellee.

LLOYD, J. Iva Beth Walker appeals to this court on questions of law from an adverse verdict and judgment in the Court of Common Pleas in an action brought by her therein for injuries to the forefinger of her right hand, caused by the breaking of a porcelain handle when she, as a guest of the Ft. Meigs Hotel, was attempting to turn off the hot water which she had been continuously using for approximately a half hour theretofore.

There was testimony to the effect that the heat from the water expanded the metal stem to which the porcelain handle was attached, as a consequence of which it crumbled and broke when she grasped it, cutting the tendons of her finger. The defense of the appellee hotel company was that the porcelain faucets used in the hotel had been purchased from The Standard Sanitary Manufacturing Company, a leading and reliable manufacturer of plumbing supplies, that this particular one had been installed by the hotel engineer two or three weeks prior to its breaking on the occasion in question, and that before its installation he examined it for defects and found none. There was testimony that it had been necessary, on former occasions, to replace

faucets of this make and description and there was contra testimony that the porcelain handles so replaced had not broken as in the instant occurrence but had become loose from the steel stems to which they were attached.

The plaintiff testified as to the use by her of the faucet, the attendant circumstances incident to its breaking, and the fact of its breaking when she took hold of it to turn off the hot water. Witnesses in her behalf testified to other handles of the same kind breaking at previous times, as above stated, whereas the hotel company presented evidence of the character above outlined. The evidence was such as to warrant the verdict and judgment from which this appeal is taken unless, as is claimed, there was prejudicial error in the general charge of the trial judge and in his failure to charge as to the claimed inference deducible from the mere happening itself. In its general charge the court said:

"Negligence is never presumed. The presumption of law is that everyone discharges the duties which the law imposes. In other words, the law assumes that everyone does what in law he should do. Because of this presumption of law the burden of proving the truth of the alleged facts whereby one charges another with liability to him is upon the one making the claim.

"In this case, therefore, the burden rests upon the plaintiff to prove by a preponderance of the evidence that the defendant was negligent as claimed by her, and if under the law and the evidence you find the defendant was negligent, then in addition thereto the plaintiff must prove by a preponderance of the evidence that such negligence was the proximate cause of the injury and that she sustained damages because of said injury.

"The fact of the happening of the occurrence in question raises no presumption of negligence, nor does the fact that the plaintiff was injured raise any pre-

sumption that either the plaintiff or the defendant was negligent at the time and place in question.''

Unquestionably a hotel is obligated to provide its guests with premises, furniture and fixtures safe for use in the usual and ordinary way, and the happening in the instant case in conjunction with the attendant circumstances was sufficient evidence of negligence to require submission of the cause to the jury. The doctrine of *res ipsa loquitur*—the thing itself speaks—which appellant claims is applicable to the evidential facts disclosed by the evidence, ''is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions.'' *Glowacki* v. *North Western Ohio Ry. & Power Co.*, 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486.

Being in its nature circumstantial and a substitute for direct and positive evidence, it, like any other evidence, is not an issue in the case but a method of supplying evidence to support the issue made by the pleadings when other evidence is not available to a person injured as a result of the alleged happening.

''The circumstances characterizing the accident must be alleged and proved. These circumstances must create a reasonable probability that the accident was due to negligence, rather than to pure accident or act of God; that the defendant or its employees, other than the one injured, should have had control of the agency as would not ordinarily have happened, if ordinary care had been exercised; * * * that the circumstances of the

accident were such that the means and opportunity of finding out how it happened, or what caused it, are more properly within the knowledge and control of the master than of the servant. If these circumstances concur, an inference of negligence will then be drawn. This, however, does not shift the burden of proof, which always remains on the injured plaintiff." *Cochran* v. *P. & L. E. Rd. Co.*, 31 F. (2d), 769, 772.

In the instant case the control of the operative force that contributed to the resulting happening was the turning on and off of the water, requiring evidence tending at least to show that the appellant used the faucet in the usual and customary way, which, in the exercise of ordinary care, she was bound to do. Regardless of whether the facts in evidence make applicable the doctrine of *res ipsa loquitur*, since the burden of proof in any event remained with appellant, the complaint as to the general charge of the court is groundless. The trial judge correctly instructed the jury as to the principles of law generally applicable in actions based upon negligence.

At the conclusion of the general charge, counsel for appellant said to the court:

"The plaintiff excepts to the charge of the court that no presumption or inference in this case could be drawn from the happening of the plaintiff's injury instead of charging that an inference of negligence may be drawn from the happening of the injury, and it would be the duty of the defendant to explain the cause of the accident in order to remove that inference. General exception to the charge of the court."

The exception thus taken did not relate to the issue of the claimed negligence of the appellee but to the inference that might be drawn from the evidence presented to maintain it. The failure of the court to so charge was an error of omission, not one of commission. An objection or exception is not a request. Fur-

thermore, instructions as to omissions of th' charac-
ter here in question must not only be requ,sted but
refused. *Columbus Ry. Co.* v. *Ritter,* 67 Ohio St., 53,
65 N. E., 613; *State* v. *McCoy,* 88 Ohio St., 447, 103
N. E., 136. Here we have neither request nor refusal.

The court finds no errors in the record prejudicial
to appellant and therefore affirms the judgment.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.