Morrison, Appellant, *v.* Steppe's Beauticians, Inc., Appellee.

(No. 516—Decided March 24, 1953.)

*Messrs. Rowland, Bridgewater & Gray* and *Messrs. Rowland & Rowland,* for appellant.
*Mr. John W. Bolin,* for appellee.

GILLEN, P. J. Plaintiff instituted this action in the Court of Common Pleas of Athens County to recover damage for certain injuries sustained by her while she was receiving a machineless permanent wave in defendant's beauty shop.

The petition alleges in part:

"On and prior to October 20, 1950, defendant owned and operated a beauty shop in the city of Athens, Athens county, Ohio, and employed therein, among others, one Genevieve Reigle, who, as such employee of defendant, on said date, undertook to give plaintiff's hair what is commonly known as a 'permanent wave' and in so doing and while in the exclusive use, application and control of defendant's equipment and chemicals negligently caused plaintiff to suffer a third degree burn in the hair covered portion of plaintiff's neck to the left of the midline thereof."

It is claimed that an infection developed from the burn, and that the poison from such infection spread through plaintiff's body, causing her to suffer a complete nervous and physical prostration.

The answer filed by defendant denies the allegations of the petition and avers that plaintiff's nervous condition existed prior to the alleged injury and resulted from causes other than the burn.

At the close of plaintiff's testimony, counsel for defendant moved for a directed verdict and requested the court to remove the doctrine of *res ipsa loquitur* from the case. This motion was taken under advisement by the court. At the close of defendant's testimony the motion was renewed. At that time the trial court ruled that the doctrine of *res ipsa loquitur* was not applicable, but refused to direct a verdict for defend-

ant. The case was submitted to the jury on the theory of actionable negligence, resulting in a verdict for plaintiff in the sum of $8,250.

Seven interrogatories were submitted to the jury, some of which were signed by fewer than nine members thereof upon the advice of the court that only those members agreeing upon each interrogatory should sign.

Thereafter, the trial court sustained defendant's motion for judgment notwithstanding the verdict and rendered final judgment for defendant on three grounds, namely, (1) that the petition did not state a cause of action, (2) that the jury's answer to interrogatory No. 1 was inconsistent with the general verdict, and (3) that substantial justice had been done.

The record discloses that while plaintiff was receiving the permanent wave she complained to the operator that her neck was becoming too hot. The operator admitted this fact, and there is no dispute about the complaint having been made. Plaintiff testified that the operator had left the room, that she called to the operator to advise about the heat, and that, after some delay, the operator returned and placed some cotton under the pad. The operator claimed, however, that she did not leave the room, and that she immediately removed one of the chemical sachets to relieve the situation. There is no conflict in the testimony on two points, i. e., (1) the complaint about the heat, and (2) the operator's effort to render relief. There is dispute about the manner of relief and the promptness of the operator in furnishing it. The method of giving a machineless wave is best described by the witness, Eula Mae Olasin, as follows:

"Q. In a machineless wave how is it applied? A. Machineless, with a chemical pad that has been saturated with water.

"Q. What happens to the chemical pad after it has

been moistened with water in regard to generating heat? A. It gets hot.

"Q. If you put the chemical pad and moisten it and put it on the hair of a customer incident to giving a machineless wave would the heat burn the customer unless there was some protective device used to protect the scalp? A. Yes.

"Q. Is the protective device that is used, is it commonly referred to as a pad that is placed next to the scalp of the person? A. Yes. A pad.

"Q. And the pad is between the heat and the scalp, is that right? A. It is one of the items between the heat and the scalp, yes.

"Q. Then the use of the pad is the normal and usual means and method to protect the scalp from the heat? A. Right.

"Q. And is it your statement that without the protection the heat would burn the scalp? A. Yes.

"Q. Now in the giving of a machineless wave in a beauty shop who controls the preparation of the hair for waving, the placing of the protective devices between the heat and the scalp and the application of the heat? A. The operator."

The evidence reveals that the maximum temperature generated by the chemical sachets used in giving a machineless wave is 212 degrees Fahrenheit. It establishes, also, without contradiction, that defendant's operator had exclusive use, application and control of all equipment and chemicals used in the process.

The petition does not allege any specific act or acts of negligence, but does allege in general terms that the work was performed in a negligent manner. Plaintiff did not attempt to prove any specific act of negligence, nor did she attempt to explain how the injury occurred. She offered proof, however, that the mechanical devices used and the performance of the work were under the exclusive management and control of

the operator, and that during the process she received the burn.

It was said in the case of *Rospert* v. *Old Fort Mills, Inc.*, 81 Ohio App., 241, 243, 78 N. E. (2d), 909, that:

"The doctrine of *res ipsa loquitur* is one of evidence and not of substantive law. It is a common-sense appraisal of the probative value of circumstantial evidence. It was not intended to exempt a plaintiff from the general burden of proving the negligence of the defendant or from proving such facts and circumstances which would make negligence a legal inference. In other words, until the plaintiff has presented all the testimony reasonably within his power he can derive no benefit from this doctrine."

In the instant case, we are of the opinion that plaintiff presented all the evidence reasonably within her power to explain the cause of the injury. The case is one in which the application of the *res ipsa loquitur* doctrine is eminently just and proper. The devices used in the process were under the exclusive control of the defendant. The injury was one which in the natural course of things would not have occurred had defendant used due care, and plaintiff was, therefore, entitled to recover, unless the defendant offered a satisfactory explanation to overcome the inference of its negligence.

It is said in the case of *Glowacki, a Minor,* v. *North Western Ohio Ry. & Power Co.*, 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486, that:

"1. The rule of *res ipsa loquitur* is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is ob-

served. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions. A like inference under like circumstances may be drawn by the court when the court is the trier of the facts.''

In the case at bar defendant sought to prove that the work was performed in strict compliance with the established custom, and that due care was exercised by the operator. Whether this evidence was sufficient to overcome the inference of negligence was a proper question for the jury to decide. It was incumbent upon defendant to overcome the inference of negligence with some satisfactory explanation or proof, since the circumstances were such as to warrant the jury in drawing such inference. Numerous cases referring to the doctrine of *res ipsa loquitur* have been cited by counsel, each of which has been carefully examined by us. The case of *Chauvin* v. *Krupin*, 4 Cal. App. (2d), 322, 40 P. (2d), 904, presents a factual situation paralleling the case at bar. We are in full accord with the reasoning of the court in that case. We are of the opinion that plaintiff was entitled to recover unless the defendant offered a satisfactory explanation to overcome the inference of its negligence. By refusing to apply the doctrine of *res ipsa loquitur*, the trial court deprived the jury of its right to determine that issue from the evidence. We are of the opinion, therefore, that prejudicial error was committed, thereby depriving plaintiff of a fair trial.

Our attention has been directed to the manner in which the special interrogatories were submitted. It is apparent from the record that considerable confusion existed in the minds of the jurors in regard to this matter. After the jury had deliberated for some time, a request was made for additional instructions as to the manner in which the interrogatories should be signed. The trial court endeavored to clear up this

situation and, in our opinion, the jury was properly advised in relation thereto. However, after the jury returned to its deliberations and reached a general verdict, it failed to sign the interrogatories and had to be ordered back to the jury room to perform that duty. The entire situation indicates that the jury failed to understand its clear duty in regard to answering the interrogatories. Under such circumstances, we can not say that the answers to the interrogatories provided a fair test of the general verdict. In our opinion, the trial court was in error in sustaining defendant's motion for judgment notwithstanding the verdict. We have carefully considered plaintiff's request to have the verdict of the jury reinstated and final judgment rendered thereon. It is our opinion, however, that justice requires the granting of a new trial. The judgment of the court below is, therefore, reversed, and the cause is remanded to that court.

*Judgment reversed.*

McCURDY and COLLIER, JJ., concur.