Weygandt, C. J.
The plaintiff contends that he is entitled to recover on either or both of the theories of negligence and implied warranty.
However, neither was mentioned in his original petition. But at the inception of the trial he obtained leave of the court to amend his petition by interlining the two phrases, “by the negligence of the defendant” and “impliedly warranted to be fit for the purposes for which it was manufactured.”
In his opening statement to the jury, counsel for the plaintiff stated the facts as follows :
“Now the facts, as I hope and promise to attempt to prove to you, are as follows:
‘ ‘ That the plaintiff in this action on or about August 26, 1949, in company with his wife entered an A. & P. grocery store — one of these super markets, at the corner of East 116th and Continental, in the city of Cleveland, to do their usual week-end shopping, as we all do, and while shopping, as many of us do, we buy some *491 soap, and in this particular case the plaintiff, accompanied by his wife, purchases several bars of Camay soap, which is manufactured by the defendant in this action. Subsequently that bar of soap was unwrapped and placed in the bathroom for use. Subsequently after that, on or about the 3rd day of September, 1949, the plaintiff was taking a bath in his bathroom, and while using this bar of soap, and soaping his body, he felt a sharp pain in his leg. Upon examination he found that there was blood there and pulled out of his skin a small piece of metal or steel — you can judge what it is yourself — and finished his bath. He set the bar of soap and this little piece of metal aside, then he finished his bath with another bar of soap in the .bathroom, and proceeded to dry himself, at which time he discovered there was blood coming out of the cut in his leg. He called his wife and got it bandaged. Subsequent to that the leg started causing him trouble, and he went to a doctor. Over a period of several months he had to make several trips to the doctor which finally ended up in surgery in May of the next year. ’ ’
It is to be noted that neither negligence nor warranty was mentioned in the plaintiff’s statement.
In the plaintiff’s brief and in the opinion of the Court of Appeals it is stated that the case was submitted to the jury on both theories. A careful study of the record plainly discloses that this is not correct. The trial court did not charge the jury on the subject of implied warranty. Instead, the case was submitted to the jury on the issue of negligence alone. This is shown by the following statement in the charge:
“You will observe from what the court has already said to you that this is an action based on negligence. In the opinion of the court the principal issues which you are called upon to decide are:
“1. Was the defendant negligente as set forth in the plaintiff’s petition?
*492 “2. Was the plaintiff injured, and if so, in what manner and to what extent?
“3. If the plaintiff was injured, was the negligence of the defendant the-proximate cause of his injuries?”
And later in the charge appears the following:
“The defendant can not be held liable for injuries sustained by the plaintiff, unless such injuries are proximately caused by the negligence of the defendant committed while the soap was in its exclusive possession and control.”
Then at the conclusion of the charge the court asked: ‘ ‘ Gentlemen, is there anything by way of correction, deletion or additional instructions, before the court instructs the jury on the forms of verdict and the organization of the jury?
“Mr. Kistner: Nothing, your Honor.
“Mr. Kay: Nothing, your Honor.”
Hence, not only was the question of implied warranty not submitted to the jury but there was no request therefor, and it is not before this court.
On the question of negligence counsel are agreed that the trial court submitted the controversy to the jury on the familiar principle of res ipsa loquitur.
Was this correct?
In his charge on this subject the court said in part:
“I have, heretofore, instructed you that the burden rests upon the party charging negligence to prove it by a preponderance of the evidence. However, there is a rule of evidence which holds that whenever an instrumentality which produces an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events, does not happen if due care is used, the fact of the occurrence causing the injury, itself, will be deemed to afford sufficient or reasonable evidence to support an inference of negligence on the part of the defendant, tending to show that the injury was due to want of care on its part.”
*493 The defendant contends that the instant circumstances do not warrant the application of this doctrine.
As restated by this court in the syllabi of such cases as Glow acid, a Minor, v. North Western Ohio Ry. & Power Co., 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486, and Fink v. New York Central Rd. Co., 144 Ohio St., 1, 56 N. E. (2d), 456, the rule of res ipsa loquitur “is a rule of evidence which permits the jury * * * to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of the defendant and the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.”
And in the syllabus of the case of Gedra v. Dallmer Co., 153 Ohio St., 258, 91 N. E. (2d), 256, 17 A. L. R. (2d), 453, this court held:
“2. In a negligence action, it is not sufficient for plaintiff to prove that the negligence of defendant might have caused an injury to plaintiff but, if the injury complained of might well have resulted from any one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible.
“3. In such an action, if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant.”
Furthermore, as affecting the burden of proof, the rule is summarized in 65 Corpus Juris Secundum, 1020, Section 220, by the statement that “application of the doctrine of res ipsa loquitur shifts to the defendant the burden of going forward with the evidence but, although there are some decisions or statements to the *494 contrary, it is generally held that the burden of proof does not shift but remains with the plaintiff throughout. ’ ’
With these rules in mind, can it be said that the instant circumstances warrant the application of the doctrine of res ipsa loquitur 1 At the time of the injury to the plaintiff, was the instrumentality under the exclusive management and control of the defendant?
The injury occurred on September 3, 1949. The soap was purchased by the plaintiff’s wife from the Cleveland retailer eight days previously on August 26, 1949. Sometime prior thereto the retailer bought the soap from the defendant manufacturer in Cincinnati. The merchandise was shipped in cartons by common carrier from that city to the retailer’s Cleveland warehouse where it was stored until needed.
The particular bar of soap was among six purchased. Each was in the usual type of wrapper. The plaintiff’s wife first placed them in a linen closet adjacent to the bathroom. Then that evening she put the one bar in the bathroom for immediate use. It was used by the plaintiff and his wife and also by their guests for eight days before the injury occurred to the plaintiff.
How and when did the small piece of wire get into the bar of soap? Was it during the process of manufacture by the defendant? If so, was it due to negligence on the part of the defendant? Or did the wire get into the soap while it was being shipped or unpacked or used? Unfortunately for the plaintiff, the evidence leaves these matters to mere speculation; and in view of the lapse of time and the number of persons handling the soap after it left the defendant manufac-turer, it hardly seems permissible to say that the soap was within the exclusive control and management of the defendant, thus making applicable the doctrine of res ipsa loquitur.
*495 Hence, the judgment of the Court of Appeals is reversed and final judgment is rendered for the defendant.

Judgment reversed.

Middleton, Taet, Hart and Zimmerman, JJ., concur.
Stewart and Lamneck, JJ., not participating.