Bell, J.
The sole question presented by this appeal is whether, as a matter of law, Rogers is entitled to final judgment.
Rogers bases its right to judgment as a matter of law on three contentions: 1. There is no proof that Rogers was negligent. 2. The inferences upon which plaintiff must rely are not permissible because (a) they are not reasonable and (b) they spring from other inferences. 3. Plaintiff’s inferred facts were rebutted by uncontradicted direct evidence.
Rogers bases its first contention on the fact that no one knows where the forging that struck plaintiff came from; that there are several probabilities just as reasonable as the one that it fell from Rogers’ outfit, such as (a) that the forging could just as well have left Canton before August 20, 1948, (b) that any one of several other truck lines could have carried it from Canton prior to August 20 and lost it from its load, (c) that the forging could have been picked up between the duals of another truck and thrown from them as it passed plaintiff, or (d) that the forging could have been lying on the road without 'any possible relationship to Rogers and could have been flipped by the wheels of a passing vehicle.
Rogers argues that a choice between such possibilities (designated “probabilities” by Rogers) brings this case within the rule that, where the cause of an injury may as reasonably be, an act for which defendant is not liable as one for which he is liable, the plaintiff has not sustained the burden of showing that his injury was a proximate result of the negligence of the defendant. Gedra v. Dallmer Co., 153 Ohio St., 258, 91 N. E. (2d), 256, 17 A. L. R. (2d), 453; Gerich v. Republic Steel Corp., 153 Ohio St., 463, 92 N. E. (2d), 393.
■ Admitting these possibilities, they were matters for argu *331 rueiit and for consideration by the jury. Such possibilities'’ might well be excluded by reasonable minds in the face of evidence and concessions that the particular forging was made by Ford, that a box of forgings similar thereto were transported by Rogers’ truck, that the Rogers outfit operated by Carr was the only one to leave Ford’s plant with such forgings before the evening of August 20, 1948, that Carr was the only Rogers driver on route 2 that day (except one Larry Gray who was hauling sheet steel and who helped Carr attempt to repair a box at Red Gables and one Jesse Nutt who left the Canton Ford plant long after this accident occurred), that forgings carried by Carr were seen to fall from his semi-trailer and bounce as high as the telephone wires, and that loose parts were seen on the trailer. In our opinion, from evidence such as this reasonable minds could conclude that the forging came from Rogers’ outfit as a result of Rogers’ negligence.
Rogers bases its second contention upon the rule announced by this court in Sobolovitz v. Lubric Oil Co., 107 Ohio St., 204, 140 N. E., 634, that an inference of fact can not be predicated upon another inference but must be predicated upon a fact supported by evidence.
As so aptly said by Judge Fess in the opinion of the Court of Appeals, “it is comparatively simple to understand the principle of no inference upon an inference as demonstrated in Sobolovitz v. Lubric Oil Co., but one of the most misunderstood and often inaccurately applied doctrines of the law is that which purports to preclude the basing of a presumption on a presumption, or an inference upon an inference.”
In 1 Wigmore on Evidence (3 Ed.), 434, Section 41, the same thing is stated in more detail as follows:
“It was once suggested that an ‘inference upon an inference’ will not be permitted, i. e., that a fact desired to be used circumstantially must itself be established by testimonial evidence; that this suggestion has been repeated by several courts, and sometimes actually enforced.
“There is no such orthodox rule, nor can be. If there were, hardly a single trial could be adequately prosecuted. For example, on a charge of murder, the defendant’s gun is found discharged; from this we infer that he discharged it, and from *332 this we infer that it was his bullet which struck and killed the deceased. Or, the defendant is shown to have been sharpening a knife; from this we argue that he had a design to use it upon the deceased; and from this we argue that the fatal stab was the result of this design. In these and innumerable daily instances we build up inference upon inference, and yet no court (until in very modern times) ever thought of forbidding it. All departments of reasoning, all scientific work, every day’s life and every day’s trials, proceed upon such data. The judicial utterances that sanction the fallacious and impracticable limitation, originally put forward without authority, must be taken as valid only for the 'particular evidentiary facts therein ruled upon.” (Emphasis added.)
One of the clearest statements of the rule pertaining to inferences upon inferences is the following one in Indian Creek Coal & Mining Co. v. Calvert, 68 Ind. App., 474, 120 N. E., 709:
“There is a rule to that effect.- It, however, is frequently misinterpreted and misapplied. For the purpose of supporting a proposition, it is not permissible to draw an inference from a deduction which is itself purely speculative and unsupported by an established fact. Where an inference not supported by or drawn from a proven or known fact is indulged, and is then used as a basis for another inference, neither inference has probative value. Such a process may be described as drawing an inference from an inference, and is not allowable. At the beginning of every line of legitimate inferences there must be a fact, known or proved. * * * Where there is such a fact, the proper tribunal is not only permitted, but also it is its duty, to draw therefrom those legitimate inferences that seem to be most reasonable. An inference so drawn becomes a fact in so far as concerns its relation to the proposition to be proved. It merges itself into the proved fact from which it was deduced, and the resulting augmented fact becomes a basis for other proper inferences. To assign to an inference properly drawn a position inferior to an established fact would in effect nullify its probative force.”
In 20 American Jurisprudence, 169, Section 165, it is stated that, where a court seeks to apply the rule forbidding the basing of one inference upon another, the principle involved is that an *333 inference can not be based upon evidence that is too uncertain or speculative or which raises merely a conjecture or possibility.
An inference which is based solely and entirely upon another inference and which is unsupported by any additional fact or another inference from other facts is an inference upon an inference and is universally condemned.
An inference which is based in part upon another inference and in part upon factual support is called a parallel inference and is universally approved provided it is a reasonable conclusion for the jury to deduce.
It may be conceded that any liability of Eogers must be based on inferences. If those inferences are based entirely on other inferences unsupported by fact, no basis for liability has been shown. If, however, the inferences needed to support plaintiff’s case are parallel ones, a jury may be permitted to make deductions therefrom provided they are reasonable.
Eogers contends that there must be four inferences, each drawn from the other, to establish thát the forging which injured plaintiff was a part of its cargo :
1. It must be inferred that the forging was at the Ford plant in Canton on August 20, 1948.
2. Assuming that the forging was in Canton on August 20, it must be inferred that it was loaded on Eogers’ outfit.
There is, however, direct evidence in the record that a box of forgings of the kind that struck plaintiff was loaded onto Eogers ’ outfit at Canton; that it was transported by it to Eiver Eouge, via route 2; that Eogers’ outfit passed the scene of the accident; and that the forging which struck plaintiff appeared to be new and bore no evidence of having lain on the highway for any appreciable time. Such facts and the concession of counsel that no other truck took any such forgings away from the Ford plant in Canton before the evening of that day exclude the possibility or probability that the forging came from another source.
3. Assuming the first two inferences, there is no direct proof that the forging came from Eogers’ outfit.
However, there was direct testimony that, after leaving Canton with his load, Eogers’ driver saw parts falling from his outfit and saw forgings lying loose on its bed. From this direct *334 testimony, this so-called- third inference may reasonably be drawn.
4. With the above three inferences established, a fourth inference is required to reach the conclusion that Rogers was negligent.
But, again, this so-called fourth inference may be drawn from the direct testimony that pieces similar to the forging were loaded on Rogers’ outfit, that some of them were seen lying loose on the bed of the outfit, that Rogers’ driver passed the scene of the accident, that he was the only Rogers driver hauling such cargo on route 2, and that Rogers’ outfit was the only one hauling such forgings before the evening of that day. From this direct testimony, reasonable minds could come to the conclusion that Rogers was negligent.
In our opinion, it is permissible to draw several conclusions or presumptions of fact from the same set of facts. And it is equally proper that a series of facts or circumstances may be used as the basis.for ultimate findings or inferences.
Rogers’ third contention is that any inferences which might have been drawn were totally destroyed by the testimony of two witnesses who were driving 150 feet behind plaintiff and who testified that the outfit they saw at the time of the accident was not the Rogers outfit displayed to them in a photograph.
It is true that any inference or deduction may be, in a given case, totally destroyed by evidence to the contrary. But for this court to say, as a matter of law, that an inference is overcome by direct testimony to the contrary, such direct testimony must be such that, reasonable minds could not reach different conclusions as to its preponderating value when measured against the weight of the circumstantial evidence.
The two witnesses relied upon by Rogers as destroying the inference testified from recollection after a lapse of two years. They were not even consulted about the accident until a week or two before the trial. The credibility of these witnesses and the weight to be given their testimony were questions for the jury. Similarly, the weight of an inference as well as the weight of the explanation offered to meet the inference is for the determination of the trier of the facts. Glowacki, a Minor, *335 v. North Western Ohio Ry & Power Co., 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Wüygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Middleton, JJ., concur.
Middleton, J., of the Third Appellate District, sitting by designation in the place and stead of Taet, J., pursuant to Section 2, Article IV of the Constitution.