WALKER, APPELLANT, ET AL., *v.* MOBIL OIL CORP., D. B. A.
MOBIL CHEMICAL CO., INDUSTRIAL CHEMICAL DIV., APPELLEE.

[Cite as Walker v. Mobil Oil Corp. (1976),
45 Ohio St. 2d 19.]

(No. 75-213—Decided January 14, 1976.)

20

*Messrs. Roeller & Panos* and *Mr. Robert K. Roeller*, for appellant.
*Messrs. Cohen, Todd, Kite & Spiegel* and *Mr. James Q. Doran*, for appellee.

*Per Curiam.* The sole issue herein is whether the doctrine of *res ipsa loquitur* was applicable under the evidence

presented to the trial court.

In Ohio, it is well established that the doctrine of *res ipsa loquitur* is a rule of evidence which permits the trier of fact to draw an inference of negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff; the weight of that inference, as well as the weight of the explanation offered to meet such inference, being for the determination of the trier of fact. See *Glowacki* v. *North Western Ohio Ry. & Power Co.* (1927), 116 Ohio St. 451, 157 N. E. 21; *Fink* v. *New York Central Rd. Co.* (1944), 144 Ohio St. 1, 56 N. E. 2d 456. To warrant application of the rule, however, there must be evidence which establishes that (1) the instrumenality causing the injury was under the exclusive management and control of the defendant, and (2) that the accident occurred under such circumstances that in the usual course of events it would not have occurred if ordinary care had been observed. *Glowacki* v. *North Western Ohio Ry. & Power Co., supra*; *Fink* v. *New York Central Rd. Co., supra; Renneckar* v. *Canton Terminal Restaurant* (1947), 148 Ohio St. 119, 73 N. E. 2d 498; *Soltz* v. *Colony Recreation Center* (1949), 151 Ohio St. 503, 87 N. E. 2d 167; *Hake* v. *Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 262 N. E. 2d 703.

The second requirement above stated is not at issue in the case at bar, but appellee contends that, as a matter of law, there is insufficient evidence in the record that the instrumentality which fell upon appellant was under appellee's exclusive control.*

An examination of the record reveals that the following indicia of control were before the trial court: Appellee

---

*In his oral argument to this court, counsel for appellee candidly stated that Mobil Oil was, in fact, in exclusive control of the premises and of the instrumentalities which fell upon appellant. Since this acknowledgement clearly was dehors the record, it played no part in the decision herein. However, it should serve as an example to counsel for appellant that the simple and inexpensive utilization of discovery by written interrogatory would have constituted a valuable service to his client, and quite probably would have avoided this lengthy appellate process.

stipulated that it owned and operated the plant at Fernald; the hose, rope and chemicals, prior to falling, were located at a point on the silo well above ground level; the owner of Newberry Construction Company testified that its contract with appellee did not call for his employees to do anything above the ground level; immediately after the accident, employees of appellee cleaned up and removed the fallen objects.

It is our finding that the above factors establish such exclusive control by appellee as to permit application of the doctrine of *res ipsa loquitur*.

Employment of the doctrine in this case is further warranted when it is considered that *res ipsa loquitur* originated in the law of necessity. That is, the justice of the doctrine rests upon the foundation that the true cause of the occurrence, whether innocent or culpable, is within the knowledge or access of the defendant and not within the knowledge or access of the plaintiff. *Fink* v. *New York Central Rd. Co., supra* (144 Ohio St. 1). The circumstances surrounding this unexplained accident bring it within the historical rationale of the doctrine.

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas with instructions to enter final judgment upon the jury's verdict for appellant.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.