JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants James and Jennifer Gutoskey appeal from a jury verdict and the subsequent post-trial orders rendered in favor of defendants-appellants Sean and Lorain Gallagher.[1] Appellants had alleged appellees' negligent home maintenance was the proximate cause of injuries they suffered when James fell through the Gallaghers' front porch railing.
 {¶ 2} The Gutoskeys assert the trial court acted improperly in the following particulars: 1) preventing them from using a statement Sean Gallagher made soon after the incident; 2) refusing to instruct the jury on the doctrine of res ipsa loquitur; and 3) denying their motions for judgment notwithstanding the verdict and for a new trial. Appellants additionally argue the jury's verdict is unsupported by the weight of the evidence.
 {¶ 3} Following a review of the record, however, this court cannot agree. The verdict and the trial court orders, therefore, are affirmed.
 {¶ 4} Appellant James Gutoskey and appellee Sean Gallagher had been friends since elementary school. On the date of the incident, appellees celebrated a milestone of religious significance for one of their children by inviting friends and family to their home for an outdoor party. Sometime after the Gutoskeys arrived, the children began a water fight. When some adults joined in this activity, it escalated from using only paper cups to using hoses and pails.
 {¶ 5} Appellant James Gutoskey was one of the participants. Aided by one of the youths, James obtained a five-gallon pail, filled it with water, and waited in the side driveway for a likely target to approach. Appellee Lorain Gallagher observed this ruse, and in the spirit of the game, began to lure her eleven-year-old niece Destiny toward the front of the house where the ambushers loitered. Destiny, however, spotted them before she was close enough for James to douse her. She turned to retreat to the backyard.
 {¶ 6} James did not want to miss his opportunity. He and his companion ran up onto the home's front porch, hastened toward the side that faced the driveway, and James flung the contents of the pail toward Destiny. James expected the porch railing to halt his forward progress. When his weight struck it, however, the entire section of railing fell away. James' momentum carried him into the middle of the driveway, where he landed on his feet with such force that he shattered the heel bone of his left foot. His companion also fell, but suffered no injuries.
 {¶ 7} Appellee Lorain Gallagher offered to drive James to the hospital for treatment. Sean stayed with James as he waited for Lorain to get ready. Sean offered that Destiny also "fell off that same railing last summer and [he] just wedge[d] it in there."[2] Lorain made a similar admission later at the hospital, stating she had "told Sean to fix that railing" after Destiny's fall. The Gutoskeys later learned that the earlier incident had occurred when Destiny tried to climb through the railing, dislodging it. She fell from the porch into the driveway with the porch railing "lying on top of her [back]" when she landed.
 {¶ 8} Nearly a year after the incident, the Gutoskeys filed the instant action against their friends the Gallaghers. The Gutoskeys alleged the Gallaghers' negligence proximately caused James' injuries and Jennifer's resulting loss of her husband's consortium. The case proceeded to a jury trial.
 {¶ 9} James and Jennifer testified in their own behalf, presented the testimony of James' treating physician and physical therapist, and called the Gallaghers upon cross-examination. In defense, Sean Gallagher testified and presented the testimony of Irene Koler, who was Lorain's sister and Destiny's mother. The jury also received some photographs of the Gallagher home and copies of James Gutoskey's medical records.
 {¶ 10} The jury ultimately rendered a verdict in favor of the Gallaghers. Following the trial court's denial of their motion for a judgment not withstanding the verdict or, alternatively, a new trial, the Gutoskeys filed the instant appeal. They present four assignments of error for review.
 {¶ 11} Appellants' first assignment of error states: "Trial court abused its discretion by refusing to allow any use, evidence or reference to appellee Sean Gallagher's false prior sworn statement.
 {¶ 12} Appellants assert the trial court acted improperly in excluding evidence concerning a statement appellee Sean Gallagher gave to his insurance claims adjuster a few days after the incident. Sean indicated he had secured the home's railings with "a few nails" prior to the incident and he "guess[ed] they didn't hold." Appellants make several arguments to support their assertion.
 {¶ 13} Appellants initially argue the trial court failed properly to treat appellees' motion in limine that sought exclusion of the statement. A review of the record, however, demonstrates appellants are wrong.
 {¶ 14} The appropriate treatment of a motion in limine is to consider the trial court's decision as a "tentative or presumptive evidence ruling" which gives notice of the court's anticipated action on an evidentiary issue if special circumstances do not cause a different action when the issue actually arises. State v. White (1982),6 Ohio App.3d 1, 4. It thus both guides counsels' expectancies and prevents the controversy from reaching the jury, because the disputed evidence is proffered out of the jury's hearing. Id.
Prior to the commencement of voir dire in this case, the trial court stated it had reviewed the parties' briefs on the issue, and set forth its preliminary ruling on the matter, adding it would "revisit the issue" after it had "seen what the evidence does show." The trial court later decided to adhere to its original decision after listening to further argument on the subject. This was entirely appropriate. RiversideMethodist Hosp. Assn. v. Guthrie (1982), 3 Ohio App.3d 308. Moreover, since the court by that time was well-acquainted with the evidence appellants sought to introduce, it was not required to be present in the courtroom at the conclusion of appellant's case-in-chief, when they placed their complete proffer on the record.
 {¶ 15} Appellants next argue the trial court incorrectly concluded the evidence was inadmissable pursuant to Evid.R. 403. The trial court's decision to admit or to exclude evidence is reviewed for an abuse of discretion. State v. Soke (1995), 105 Ohio App.3d 226. No abuse of discretion occurred in this case.
Appellants sought to introduce the evidence to impeach Sean Gallagher's credibility. Sean testified in his deposition and at trial that upon discovering for the first time the porch's side railings were loosely fitted, he merely "hammered" them until they had wedged between the house and the posts. Appellants believed Sean's previous statement to the claims adjuster that he "nailed" the railings, therefore, simply was a lie which deserved to be exposed.
 {¶ 16} However, the introduction into evidence of the statement only for this purpose is prohibited by Evid.R 613. Although the statement may have been offered "solely for the purpose" of impeachment pursuant to Evid.R 613(B)(1), the additional requirement set forth in subsection (B)(2) remained unmet: it was of no other "consequence to the determination of the action." Whether Sean nailed the railing or simply wedged it, the ultimate issue was whether the repair he had made after Destiny's mishap was negligent. The particular type of repair thus was immaterial. Under these circumstances, the trial court did not abuse its discretion in excluding the statement. State v. Glass (Nov. 16, 1996), Lorain App. No. 96CA006315; State v. Soke, supra.
 {¶ 17} Consequently, appellant's first assignment of error is overruled.
 {¶ 18} Appellant's second assignment of error states: "The trial court erred in refusing to give the jury an instruction on res ipsa loquitur."
 {¶ 19} Appellants argue the trial court improperly denied their request to instruct the jury on the doctrine of res ipsa loquitur This court finds appellants' argument unpersuasive.
This rule "is an evidential inference." Fink v. The New York CentralRailroad Co. (1944), 144 Ohio St. 1, 9. In order to warrant application of the rule, there first must be evidence that establishes that the instrumentality which caused the injury was under the defendant'sexclusive control. Zadravec v. Dave's Eagle Market, Inc. (Oct. 24, 1991), Cuyahoga App. No. 59242. Thus, the evidence must be adequate to demonstrate the accident happened "irrespective of any voluntary action on plaintiff's part." Schafer v. Wells (1961), 171 Ohio St. 506. (Emphasis supplied.) The accident also must be an extremely "unusual" occurrence. Walker v. Mobil Oil Corp. (1976), 45 Ohio St.2d 19.
 {¶ 20} Appellants in this case could demonstrate neither of the preconditions necessary to warrant the inference. McConnell v. Budget Innsof Am. (1998), 129 Ohio App.3d 615. Any number of people could have loosened the railing between the time Sean "wedged" it after Destiny's fall and the time during the party when it broke loose. Moreover, it broke loose only after James came in contact with it. Finally, since the railing also had broken loose previously, its failure to hold was not a sufficiently unusual event. Brown v. East Ohio Gas Co. (Oct. 4, 2001), Cuyahoga App. No. 79003.
 {¶ 21} For the foregoing reasons, the trial court did not act improperly in refusing to give the jury appellants' proposed jury instruction. Appellant's second assignment of error, accordingly, also is overruled.
Appellant's third and fourth assignments of error are related; hence, they are addressed together as follows: "The trial court erred in denying appellant's motion for judgment notwithstanding the verdict or in the alternative for a new trial. The jury verdict was against the manifest weight of the evidence."
 {¶ 22} Appellants essentially argue judgment in their favor was in order based upon the evidence presented in the case and errors that occurred during the trial proceedings. This court disagrees.
 {¶ 23} The standard of review in considering a judgment notwithstanding the verdict is to construe the evidence, without weighing it, in a light most favorable to the opposing parties in order to determine if there is substantial evidence upon which reasonable minds could reach different conclusions with regard to their side of the case.Gladon v. Greater Cleveland Regional Transit Auth. 75 Ohio St.3d 312,1996-Ohio-137; Osler v. Lorain (1986), 28 Ohio St.3d 345; Cardinal v.Family Foot Care Centers, Inc. (1987), 40 Ohio App.3d 181. Questions of proximate cause, moreover, ordinarily are inappropriate for judgment notwithstanding the verdict. Texler v. D.O. Summers Cleaners ShirtLaundry Co., 81 Ohio St.3d 677, 1998-Ohio-602.
The evidence in this case created at the very least a question regarding the distribution of negligence between Sean Gallagher and James Gutoskey. Sean testified he believed the railing was safe after he wedged it back into place using a small sledgehammer following Destiny's mishap; he had tested it and it "didn't move one bit" although he "yanked as hard as [he] could." On the other hand, Irene Koler testified she was on the porch when James "came running across" it with a five gallon "bucket of water [in] both hands." She indicated that appellant neither slowed nor stopped but simply rushed to the railing so he could throw the water at the children as they "ran up the driveway." This constituted "adequate evidence * * * of substantial probative value" that supported the trial court's denial of appellants' motion for judgment notwithstanding the verdict. Id.
 {¶ 24} Similarly, the trial court's decision to deny appellant's motion for a new trial finds support in the record. Granting a new trial as an alternative to judgment notwithstanding the verdict is a matter left to the trial court's sound discretion. Highfield v. LibertyChristian Academy (1987), 34 Ohio App.3d 311. The trial court's decision is given considerable deference. Jenkins v. Kreiger (1981),67 Ohio St.2d 314, 320. Moreover, the trial court must be mindful that "a jury verdict cannot be set aside lightly;" therefore, a decision to deny a motion for a new trial will be affirmed when it is supported by competent, credible evidence. Gedetsis v. Anthony Allega CementContractors, Inc. (Sept. 23, 1993), Cuyahoga App. No. 64954; Verbon v.Pennese (1982), 7 Ohio App.3d 182, headnote one.
This court already has determined the trial court committed no reversible error either in refusing to admit into evidence the statement Sean Gallagher made to his insurance claims adjuster, or in declining to instruct the jury on the doctrine of res ipsa loquitur. Thus, appellant's assertions that a new trial was appropriate pursuant to Civ.R. 59(A)(1) and (9) are rejected.
 {¶ 25} Appellants' additional claim of juror misconduct also is rejected; appellants failed to provide competent evidence necessary to support the decision to grant a new trial pursuant to Civ.R. 50(A)(2).Whitson v. Bio-Lab, Inc. (1993), 85 Ohio App.3d 300, 308.
 {¶ 26} Finally, since the jury's verdict was supported in the record, the trial court properly denied appellants' motion for a new trial on that basis as well. Again, this court reviews the trial court's decision on a motion made pursuant to Civ.R. 59(A)(6) and (7) for an abuse of discretion, mindful that a jury verdict that is supported by competent, credible evidence may not be disturbed by the trial court, and, further, that the weight of the evidence and the credibility of the witnesses are matters primarily for the jury to assess. Antal v. OldeWorlde Products, Inc. (1984), 9 Ohio St.3d 144; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Since the verdict in this case finds support in the record, no abuse of discretion occurred.
 {¶ 27} The jury determined appellant James' negligence was the sole proximate cause of the accident. It reasonably could have reached this conclusion based upon the evidence presented.
Sean Gallagher testified his eleven-year-old niece first dislodged the railing by straining against it. After he assured himself her injuries were minor, he immediately reset the fallen railing by "wedging" it back into place the way it had been with the aid of a small sledgehammer. He repeated the securing process on the other railings. He then checked each railing by placing his main force upon it and finding it did not "budge."
 {¶ 28} The incident in which James sustained injury did not occur until many months later. Koler described the incident thusly: an adult male carrying a five-gallon bucket of water ran toward the railing, intending to toss its contents on excited, fleeing children, and struck the railing with both the full force of the combined weight and the momentum.
 {¶ 29} In view of James' admission that his approach toward the railing was hurried, the jury could have found Koler's recounting of how the accident occurred more accurate than James' versions; James testified he merely either placed one hand on the railing, or "leaned up against" it when he approached it with the pail. His testimony additionally lacked credibility since although he portrayed the injury to his heel as personally devastating to him, he admitted that surgery on it did not take place for two weeks although he was ambulatory while he waited, and, further admitted that by the time of trial, he often jogged a distance of two miles.
Both the jury's verdict and the trial court's decision to let that verdict stand, therefore, were supported by substantial evidence. Consequently, the trial court did not err in denying appellants' post-judgment motion, and the jury's verdict was not against the manifest weight of the evidence.
 {¶ 30} Accordingly, appellant's third and fourth assignments of error also are overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and MICHAEL J. CORRIGAN, J. CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Lorain Gallagher's name is spelled "Lorraine" in the appellate brief submitted to this court by appellees' counsel. Nevertheless, this court will refer to her by the spelling used at the trial court level.
[2] Quotes indicate testimony given by a witness at trial.