## Beck v. Germantown Cricket Club, Appellant.

*Negligence—Defective sidewalk—Notice—Evidence.*

In an action against an owner of property fronting on a public highway, to recover damages for personal injuries, sustained by the plaintiff's foot sinking into a hole in the board sidewalk, it is error to submit the case to the jury where there is no evidence whatever to show that the hole was in existence at any time prior to the accident, or that the board by reason of weakness or decay, gave way at the time under the weight of the plaintiff. The principle of res ipsa loquitur does not apply to such a case.

Argued March 22, 1910. Appeal, No. 3, Jan. T., 1910, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1906, No. 4,910, on verdict for plaintiffs in case of Alexander Beck and Mary Beck, his wife, v. Germantown Cricket Club. Before Fell, C. J., Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Sulzberger, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for wife for $2,250, and for the husband for $100. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Henry P. Brown*, with him *George Wharton Pepper* and *Bayard Henry*, for appellant.—There was no evidence that the hole in the boardwalk had been there at any moment of time prior to the accident, and the defendant had no notice of the defect: Lindstrom v. Pennsylvania Co., 212 Pa. 391.

The depression testified to by the defendant's witnesses was not such a dangerous defect as to convict the defendant of negligence: Morris v. Philadelphia, 195 Pa.

372; Lohr v. Philipsburg Boro., 165 Pa. 109; Beck v. Germantown Cricket Club, 37 Pa. Superior Ct. 521.

*Edmund Randall,* with him *M. J. McEnery* and *James A. Flaherty,* for appellees.—The case was for the jury: Lindstrom v. Penna. Co., 212 Pa. 391; Fisher v. Ruch, 12 Pa. Superior Ct. 240; Mintzer v. Hogg, 192 Pa. 137; Lohr v. Philipsburg Boro., 165 Pa. 109; Duncan v. Philadelphia, 173 Pa. 550.

OPINION BY MR. JUSTICE POTTER, May 2, 1910:

The defendant here, was charged with negligence in failing to keep a board sidewalk in front of its premises in a reasonably safe condition for public use. Mary Beck, the plaintiff, testified that at half past eight o'clock on the evening of May 10, 1906, while walking on Manheim street, in front of defendant's property, her foot went into a hole in the sidewalk, and she was thrown down. There was no evidence that the hole was in existence at any time prior to the accident. Nor did the testimony show that the board by reason of weakness or decay, gave way at the time under the weight of the plaintiff. Whether the board had been broken ten minutes or an hour prior to the accident did not appear. Mrs. Beck testified that the hole into which she stepped was located near the grand stand gate, or Wissahickon avenue entrance. Officer Bailey testified that upon the day after the accident, he saw an employee of the defendant nailing down a board in the sidewalk at a point near Morris street, some 500 feet away from the Wissahickon avenue entrance. But this was obviously not at the place where Mrs. Beck fell. None of the witnesses testified to seeing a hole in the sidewalk at the place where plaintiff fell, before the accident occurred. If the sidewalk was in an unsafe condition, and this condition was known, or was such as under the circumstances ought to have been known, to the owner or occupant of the premises, the latter would be answerable in damages

for any injury resulting from lack of proper inspection and repair. But it could not be expected that the repair would be made instantly. Some reasonable time to discover the break and make it whole, must be allowed. In so far as the evidence in this case goes, the break might have been caused by some animal, a horse or a cow, stepping upon the board, or by the dropping of some heavy weight upon it shortly before the plaintiff reached the spot. The cause and manner of the break, and the length of time it had existed before the accident, were purely matters of conjecture.

Counsel for plaintiff seemed to be of the impression, and have argued, that the circumstances of the accident made out a prima facie case, without direct proof of actionable negligence. They would apply the principle of res ipsa loquitur. But this is not a case for the proper application of that doctrine. The sidewalk in which the board broke was not something in the exclusive use and control of the defendant, so that it might fairly be presumed to have knowledge of the cause of the break which would not be open to others. The sidewalk was part of the highway, for the use of the public, and subject to all the contingencies of that use. It was liable to be broken in any one of many ways, without the knowledge of defendant. The duty imposed upon the defendant was only that of proper inspection and reasonable repair. What evidence is there in this case, of any failure to properly discharge that duty? None that we can discover; and upon the contrary, the undisputed evidence upon the part of the defendant shows that the carpenter employed by it for that purpose, examined the whole sidewalk two days before the accident, and put it all in repair. We are of the opinion that the circumstances attending the accident in this case were not in themselves sufficient evidence to show that the accident arose from want of care upon the part of the defendant.

In the absence of proof of the existence of the break in the sidewalk prior to the happening of the accident, or

of the breaking of the board by reason of its being decayed, we find nothing in the case to justify an inference that the defendant was guilty of negligence.

The judgment is reversed, and is here entered for the defendant.