## WAITE v THOMAS EMERY'S SONS, INC.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5798.  Decided May 27, 1940.

Ratterman, Cowell & Fletcher, and I. J. Horwitz, Cincinnati, for appellee.

August A. Rendigs and Robert F. Dreidame, Cincinnati, for appellant.

### OPINION

By ROSS, J.

Appeal on questions of law from the Common Pleas Court of Hamilton County, Ohio.

The plaintiff in her petition claims that she was a tenant of premises owned by the defendant, that she, in common with a co-tenant, had the joint use of an attic in the building occupied by them, that while engaged in some occupation requiring the use of the attic she fell through a loose board some 14 to 16 inches long and 3½ inches wide, which caused her to seriously injure herself.

The board showed no sign of decay.

The plaintiff had used the attic repeatedly and was familiar with it.

The evidence supported these contentions.

The court instructed a verdict for the defendant, but, upon a motion for new trial being filed, reversed its ruling and granted the motion.

The question presented to us is whether the original action of the court was correct.

It is claimed by the defendant that there is no evidence of reservation of control by the landlord. The fact that the attic was subject to the joint use of the tenants is conclusive evidence to the contrary. **Davies, a minor, etc. v Kelley, 112 Oh St 122.**

It is claimed by the defendant that, because each of the tenants had a separate key to the attic, that the rule is changed. There can be no question that the landlord had the right of access to the attic and was responsible for its safe condition.

It is also contended that the plaintiff failed to prove notice to the defendant of any unsafe condition. This merely calls attention to an element of negligence.

The real question presented is whether the landlord failed to use the care which a reasonably prudent person would use under the same or similar circumstances. If some concealed defect existed of which the landlord was wholly ignorant and which in the exercise of reasonable care he would not discover, then he is not liable. He is not an insurer.

The record is entirely silent as to what caused the board to give way. It was not decayed or rotten and there is no evidence that its supports were in such condition. This distinguishes this case from that of **Porter v Holmes, 1 OO 496.**

The doctrine of res ipsa loquitur has no application because the premises involved were not under the sole control of the landlord. Both tenants had access and joint possessory control over the attic. **29 O. Jur. 637.**

There is, of course, no presumption of negligence. In fact the presumption, if any, is to the contrary. **Martin, Jr. v Heintz, 126 Oh St 227; Troop A. Riding Academy v Miller, 127 Oh St 545, 549.**

What, then, is the evidence of negligence on the part of the landlord? The fact that the board gave way may not be taken in itself as proof that the landlord was negligent. Only speculation can present a situation which would justify a conclusion fixing liability upon the defendant.

The conclusion of the trial court in finding for the defendant was correct.

The court should have rendered judgment for defendant. Such being the case, this court will render the judgment which the trial court should have rendered, which is for the defendant.

HAMILTON, PJ. and MATTHEWS, J., concur.