Zimmerman, J.
 

 Plaintiff takes the position, as did the Court of Appeals according to its opinion, that the doctrine of
 
 res ipsa loquitur
 
 applies here — that the circumstances surrounding plaintiff’s injuries made out a
 
 prima facie
 
 case for recovery against the defendant without direct proof of negligence on its part — and that a jury question was presented.
 

 By several of its later decisions this court is now committed to the proposition that
 
 res ipsa loquitur
 
 is a rule of evidence which permits, but does uot require, the jury to draw an inference of negligence in a case where thé instrumentality causing injury is shown to have been within the exclusive management and control of the defendant and where, the circumstances attending the injury were of such a character in themselves as to warrant the conclusion that a lack of ordinary care on the part of the defendant was responsible for
 
 *123
 
 the occurrence or condition causing the injury. See
 
 Fink
 
 v.
 
 New York Central Rd. Co.,
 
 144 Ohio St., 1, 56 N. E. (2d), 456, and cases cited therein.
 

 Upon the basis that the thing giving rise to the injury must be shown to have been under the exclusive control of the one sought to be held in order for
 
 res ipsa loquitur
 
 to apply
 
 (Mansfield Public Utility & Service Co.
 
 v.
 
 Grogg,
 
 103 Ohio St., 301, 304, 133 N. E., 481, 482;
 
 Glowacki, a Minor,
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486;
 
 City of Cleveland
 
 v.
 
 Pine,
 
 123 Ohio St., 578, 582, 176 N. E., 229, 230, 74 A. L. R., 1224, 1226; 38 American. Jurisprudence, 997, Section 300; 45 Corpus Juris, 1214, Section 781), this court made the following pronouncement in the second paragraph of the syllabus in the case of
 
 City of Cleveland
 
 v.
 
 Amato,
 
 123 Ohio St., 575, 176 N. E., 227:
 

 “The doctrine
 
 res ipsa loquitur
 
 does not apply to a misplaced manhole cover located in a sidewalk, and relieve plaintiff from the requirement of adducing proof of negligence of the municipality.”
 

 It appears from the statement of the facts in the case last cited that as the plaintiff was walking on a public sidewalk, she stepped on a metal disc covering a manhole' in which a water meter was located. It turned under her weight and she was injured.
 

 Judge Matthias, writing the opinion in that case, commented:
 

 “The portion of the sidewalk occupied by this manhole was no more in the exclusive control of the city than any other portion of that walk or any other public walk of the city. Other persons could remove that cover, just as they might cause obstructions or make an opening or excavation in any portion of such walk. There was no evidence that the manhole cover was-defective; indeed such evidence as was offered on the
 
 *124
 
 subject was to the contrary. Upon the facts disclosed the burden was not properly cast upon the city, nor could it property, be required to absolve itself from the charge of negligence by proving that the cover had been misplaced by others and that it had no notice, actual or constructive, of such condition. ’ ’
 

 In the instant case the defendant did not construct the manhole and, so far as the evidence shows, made no use of it, nor was it under any duty to maintain it. The only proved connection between the defendant and the manhole was that the defendant was the sublessee of the space beneath it. The manhole cover was in the public sidewalk and was not in the exclusive control of the defendant. Such manhole cover was traversed by the public and was subject to the contingencies of that use. It was liable to become displaced in different ways, without the fault or knowledge of .the defendant. The character of plaintiff’s, misfortune and the circumstances attending it point as much if not more to its being the result of the intervention of an outside force or of a third person as to any negligence of the defendant.
 

 Furthermore, as previously noted, the manhole cover and its appurtenances were not shown to have been in any wise defective. With the. cover in position, the manhole offered no hazard and the defendant had neither actual nor constructive notice that the cover had been disturbed. It goes without" saying that the defendant was not an insurer of the plaintiff’s safety. According to common experience, a situation of the kind presented here does not speak for itself. See
 
 Gunning
 
 v.
 
 King,
 
 229 Mass., 177, 118 N. E., 233;
 
 Beck
 
 v.
 
 Germantown Cricket Club,
 
 228 Pa., 173, 77 A., 448;
 
 McLinn
 
 v.
 
 Noll,
 
 65 S. D., 440, 274 N. W., 833.
 

 This court is unanimously of the opinion that the doctrine of
 
 res ipsa loqiñtur
 
 is inappropriate to this
 
 *125
 
 case. The present case is one in which proof of the defendant’s negligence was essential and, snch proof being absent, the trial court properly directed a verdict for the defendant.
 

 It follows that the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.