Herbert, J.
There is no issue raised as to the amounts of damage resulting from the fire, the only question being whether the rule of res ipsa loquitur could be applied on the evidence presented to the trial judges. Among its findings of fact the trial court found:
“3. That the oil burner and accessories furnished by defendant, Gerald D. Wells, had not been fully installed and were in the exclusive management and control of said defendant.
“4. That the cause of the fire cannot be reasonably attributed to anything but the oil burner or its accessories or in the manner of their installation.
“5. That said fire occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care were observed in the furnishing or installation of the oil burner or accessories.
“6. That by reason of the foregoing the defendant, Gerald D. Wells, .was negligent and his negligence was the proximate cause of the fire.”
In its conclusions of law, the trial court found, in part, as follows:
“That the rule of res ipsa loquitur is applicable in this case.”
*509 The entry of the Court of Appeals is, in part, as follows:
“Upon consideration whereof, this court finds that in the record and proceedings aforesaid, there is error prejudicial to the defendant-appellant in that there is no evidence contained in the record of any negligent acts or conduct upon the part of said defendant-appellant to support a verdict in favor of plaintiffappellee and the defendant insurance company, nor is there established by evidence circumstances which make negligence a proper and logical inference. The doctrine of res ipsa loquitur does not apply as the instrumentality in question was not in the exclusive management and control of defendant-appellant * *
Defendant insists that he did not furnish the accessories but furnished only the oil burner, and he disputes the finding by the trial court that accessories “were furnished by defendant” along with the oil burner. It may be noted that defendant’s employee testified that defendant brought over from his shop a flange fitting for the fuel pump on the night of January 16 at his request. Also, a larger nozzle was connected on the afternoon of the 17th as part of the burner which was installed to replace the old one. The fuel pump also came with the newly installed burner.
Actually the distinction between the oil burner and accessories is not important in this case as the finding of fact that they “had not been fully installed” is fully established by the evidence and, in fact, is admitted both by defendant and his employee brother. On the facts presented to it, the trial court found that the oil burner and accessories not having been fully installed were in the exclusive management and control of the defendant, reaching its conclusion of law from that and the other findings of fact that the rule of res ipsa loquitur was applicable.
In its journal entry, the Court of Appeals found, directly to the contrary, that “the instrumentality in question was not in the exclusive management and control of the defendant-appellant,” and that, therefore, “the doctrine of res ipsa loquitur does not apply.”
In the first paragraph of the syllabus in Soltz v. Colony Recreation Center (1949), 151 Ohio St., 503, 87 N. E. (2d), 167, it is stated:
“The doctrine of res ipsa loquitur may be applicable where *510 (a) the instrumentality causing the injury was under the exclusive management and control of the defendant and (b) ‘the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed’ (Fink v. N. Y. Central Rd. Co., 144 Ohio St., 1, approved and followed.) ”
In the case of Koktavy v. United Fireworks Mfg. Co., Inc. (1954), 160 Ohio St., 461, 117 N. E. (2d), 16, paragraph one of the syllabus states:
“Ordinarily the rule of res ipsa loquitur is not applicable against a party because of an instrumentality causing injury and damage to another unless such party had exclusive possession, control and management of the instrumentality at the time it caused the injury. ’ ’
This is the first and only time we find the word, “possession,” added to the phrase, “control and management,” in a decision of this court involving the res ipsa loquitur rule, but, upon examination of the Koktavy case, the writer is of the opinion that it does not add any additional requirement to the rule. '
There are numerous earlier Ohio decisions cited in the opinions of both the Soltz and Koktavy cases, so that further reference to the same cited cases is not considered necessary here. Suffice it to say that the writer believes the rule well summarized by Zimmerman, J., in the case of Renneckar v. Canton Terminal Restaurant, Inc. (1947), 148 Ohio St., 119, 73 N. E. (2d), 498, in the opinion of which he stated:
“By several of its later decisions this court is now committed to the proposition that res ipsa loquitur is a rule of evidence which permits, but does not require, the jury to draw an inference of negligence in a case where the instrumentality causing injury is shown to have been within the exclusive management and control of the defendant and where the circumstances attending the injury were of such a character in themselves as to warrant the conclusion that a lack of ordinary care on the part of the defendant was responsible for the occurrence or condition causing the injury.”
The substance of this rule was unanimously adopted by the court as paragraph one of the syllabus in the Renneckar case.
In 2 Harper and James, The Law of Torts, the following *511 statement with reference to the doctrine of res ipsa loquitur appears at page 1081:
“As usually stated the conditions for the application of the doctrine are three: (1) ‘The accident must be one that ordinarily would not occur in the absence of negligence,’ or, as it is sometimes put, the instrumentality causing injury must be such that no injury would ordinarily result from its use unless there was negligent construction, inspection or use; (2) both inspection and use must have been at the time of the injury in the defendant’s control; (3) the injurious occurrence or condition must have happened irrespective of any voluntary action on plaintiff’s part.” i ■ ;
In the discussion of defendant’s control, the following appears at page 1085:
“The second requirement for res ipsa loquitur is commonly stated in terms of defendant’s exclusive control of the injuring agency. The logical basis for this requirement is simply that the negligence of which the thing speaks is probably that of the defendant and not of another. Viewed in this light the requirement of proof of exclusive control is immediately seen to impose too strict a burden upon plaintiffs. Exclusive control may have the requisite logical tendency, but there are also many other ways (not involving exclusive control) in which the probable negligence can be attributed to defendant. And in fact the courts do not generally apply this requirement as it is literally stated, although mechanical insistence upon it has brought about an occasional restrictive result. The requirement as it is generally applied is more accurately stated as one that the evidence must afford a rational basis for concluding that the cause of the accident was probably ‘ such that the defendant would be responsible for any negligence connected with it.’ That does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant’s door.”
Referring then to the opinion of Stewart, J., in the Koktavy case, supra, the following appears:
“We conclude, therefore, that ordinarily there must be custody, control and management of an injury-causing instrumentality by a party in order to render applicable against bim *512 the rule of res ipsa loquitur, and that before the rule may be applicable against a party out of such custody, control and management, there must be a complete showing that the instrumentality could not have been mishandled or tampered with between the time of its leaving the custody of the one sought to be charged and the time of the accident causing the injury.”
Although the entire substance of the above quotation is not carried into the syllabus, it does account for the presence of the word, “ordinarily,” in the first paragraph of the syllabus in which five judges concurred, one not participating. In that case the res ipsa loquitur rule was held not applicable, although in the dissenting opinion Zimmerman, J., considered it applicable. By the use of the word, “ordinarily,” in the syllabus, however, it appears clear to the writer that the court did not require continuing “control and management” right up to the moment of the injury but rather that there be a complete showing of no intervening “control and management’’.between that of the defendant and the occasion of the injury.
Coming to the instant case, the record is uncontradicted that neither plaintiff nor any of his employees (nor any other person) entered the furnace room between the time defendant and his employee left there and the time of the fire. The record is also uncontradicted that the installation of the oil burner had not been completed, particularly with reference to its supports.
A majority of this court holds that that part of the entry of the Court of Appeals stating that “the doctrine of res ipsa loquitur does not apply as the instrumentality in question was not in the exclusive control and management of defendant-appellant” was erroneous, being contrary to the undisputed facts, and that it was not error for the trial court to find from the evidence that the defendant had exclusive control and management of the furnace, for the purpose of considering the applicability of the rule of res ipsa loquitur.
This court is not passing on the weight of the evidence, but it is quite apparent from examination of the record that there is conflicting evidence in a number of respects, bearing on the circumstances under which the fire occurred.
The expert witnesses are in conflict in their opinions as to *513 the cause of the fire. Plaintiff’s expert witness (who was state fire marshal at the time of the fire) examined the premises a day or two after the fire and testified on cross-examination:
“Q. I believe you say it will probably never be known exactly what happened? A. That is right.”
On his redirect examination we find the following:
“Q. What your report says is the exact cause of the flame in the burner which brought about this fire will probably never be know? A. That is right.”
Defendant’s expert witness (a professional engineer from Toledo) examined the premises on January 25, and testified:
“In my opinion, the cause of the fire was based on the fact that a mixture of a flammable vapor in combustion with combustion air was drawn into the oil burner through the combustion fan attached to the oil burner and that entered the burner and a vapor flash back occurred — travelled back through the burner and out to the external source of this vapor. Now, I feel — I can’t say that for a fact because I wasn’t there at the time — but I feel the atmospheric conditions in the combustion chamber were basically unstable and you would expect them to be unstable because of the oil in the cumbustion chamber. The atmosphere of the combustion chamber varies upon the wind conditions because your combustion chamber was open due to this hole and I feel that the fire — oil combustion fire that you would normally have in the boiler could have very well gone out and the pump still operating and the fan still operating drawing combustion air ,in in mixture with a flammable vapor and this mixture igniting and racing back out of the oil burner to the external source.”
There was considerable testimony from other witnesses relating to the circumstances of the fire too lengthy to review here.
Defendant claims that the fire could have originated from other sources than the furnace, including, for example, two cans of antifreeze liquid found in the furnace room. As to the antifreeze, plaintiff testified that that particular liquid was not flammable and was used after the fire to pour into a toilet bowl to prevent freezing. In fact the lids of the two cans involved had to be removed to be so used after the fire. De *514 fendant also contends that the fire could have started from cleaning fluid found in a flat tray on a workbench in the garage which was observed to be burning during tke conflagration. As to that point the fire was originally observed to come into the garage from the furnace room. The conflicts in the testimony were resolved by the findings of fact by the trial court.
This brings us to consideration of that part of the entry of the Court of Appeals stating that “there is no evidence contained in the record of any negligent acts or conduct upon the part of said defendant-appellant to support a verdict in favor of plaintiff-appellee.”
To rationalize this portion of the entry we must assume that the Court of Appeals considered the burden to be upon plaintiff to establish negligent acts or conduct by specific evidence. This we do not consider to be a correct concept of the requirements and applicability of the res ipsa loquitur rule as previously defined by this court, which definition is approved and followed herein.
Where plaintiff seeks to invoke the rule of res ipsa loquitur and establishes “control and management” to the satisfaction of the trier of the facts, it is not necessary to establish specific evidence of negligent acts or conduct upon the part of the defendant to support a verdict or judgment in favor of plaintiff. But it is necessary to establish that the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. The evidence of the circumstances attending the injury — in this case the fire — then raises a question of fact to be determined by the trier of the facts whether such circumstances were of such a character as to warrant the conclusion that the injury would not have occurred if ordinary care had been observed by the defendant.
Here, the Court of Appeals also stated in its entry that “nor is there established by evidence circumstances which make negligence a proper and logical inference.” This portion of the entry must mean that the Court of Appeals found the findings of fact by the trial court either to be contrary to the weight of the evidence or unsupported by any evidence. Since the Court of Appeals could not enter final judgment of reversal *515 based on the weight of the evidence without remanding- such case, we are left only the conclusion that it found no evidence in support of those trial court findings.
We have touched upon some of the conflicts of evidence but mention one further point to dispose of the conclusion that there was no evidence establishing circumstances which make negligence a proper and logical inference. The presence or absence of refractory metal in and around the base of the furnace was heatedly disputed although it was agreed on both sides that the absence of such metal would have increased the fire hazard, particularly if there were unburned fuel oil on the floor of the furnace, a probability which was likewise advanced.
We do not propose to weigh the evidence but we cannot accept the entry of the Court of Appeals to the effect that there was not established by evidence circumstances which make negligence a proper and logical inference. From our examination of the record, a majority of this court are of the view that there is sufficient evidence, even though conflicting, to permit the trial court to make the findings of fact which it did.
In the case of Rafferty v. Northern Utilities Co. (1955), 73 Wyo., 287, 278 P. (2d), 605, the Supreme Court of Wyoming held the rule of res ipsa loquitur applicable on facts somewhat comparable to those presented here.
A summary of the decision in the case of Plunkett v. United Electric Service (1948), 214 La., 145, 36 S. (2d), 704, may be found in 3 A. L. R. (2d), 1437, as follows:
“Defendant’s employees installed and put into operation in plaintiff’s house a heater to which gas was piped. A subsequent inspection showed the heater to be operating properly. About 39 hours after the heater was put into operation the house was found to be on fire and there was evidence to support a finding that the fire started near the heater. The occupants of the house testified that no one had tampered with or attempted to manipulate the heater from the time it was installed. In view of this testimony the fact that the heater was not in the possession or control of the defendant was held not to preclude reliance on the doctrine of res ipsa loquitur to establish defendant’s negligence. * * *”
After an exhaustive review of the foregoing res ipsa *516 loquitur cases and numerous others not cited herein, we reach the conclusion that on the record in this case the trial court was warranted in making the findings of fact and conclusions of law that it did, and, therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Matthias and Bell, JJ., concur.
Zimmerman, Taft and O’Neill, JJ., dissent.