Taft, J.,
dissenting. The question, whether the evidence in the instant case establishes a res ipsa situation (i. e., a case which should be submitted to a jury without ány evidence of negligence other than an occurrence which causes damage), is a question of law. It is not, as indicated by paragraphs two, three and especially four of the syllabus, by the majority opinion and by the judgment being rendered in this case, merely a question of fact for submission to the jury or other trier of the facts.
Paragraph one of the syllabus with its words “may be applicable” probably does not represent an inaccurate state-, ment of the law. However, it is ironical that paragraph one of the syllabus in this case should purport to follow any part of Renneckar v. Canton Terminal Restaurant, Inc. (1947), 148 Ohio St., 119, 73 N. E. (2d), 498, or Soltz v. Colony Recreation Center (1949), 151 Ohio St., 503, 87 N. E. (2d), 167, when both the opinion and the decision of the case so completely disregard the limitations of paragraph two of the syllabus of the Renneckar ease as well as the unanimous decision of this court in the Soltz case.
*517 As indicated by paragraph two of the syllabus of the Renneckar case, which was agreed to by all of the then members of this court, there is no res ipsa situation where, as in the instant case, the occurrence that caused damage “could have been due as well to the intervention of an outside force * * * as to any negligence of the defendant.” See also paragraph two of the syllabus of Krupar v. Procter & Gamble Co. (1954), 160 Ohio St., 489, 117 N. E. (2d), 7.
In the Soltz case, the fire admittedly originated in a room rented to and occupied by the defendants in that case at a time when two employees of those defendants were alone in that room and engaged there in refinishing bowling pins with an inflammable liquid. There was not in that case, as in this, any question about exclusive control and management of the place where the fire started. Clearly, an inference of the negligence of the defendants in that case from the starting of the fire would have been far more justifiable than an inference of any negligence of the defendant Wells in the instant case. However, this court unanimously held in that case as a matter of law that there was no res ipsa situation. The reasons for so holding are aptly summed up by the following words from the opinion at pages 511 and 512:
“In effect, before applying the doctrine of res ispa loquitur, the court must be warranted in taking judicial notice of the fact that the aceident does not happen in the ordinary course of events unless there is negligence. * * *
“* * * it is well known that fires are of uncertain origin and may result from many causes other than negligence.”
The evidence in the instant case clearly demonstrates the truth of the latter statement. Even the fire chief who was at the fire did not know what caused it.
As indicated in the statement of facts and the majority opinion, this fire occurred in a garage that was a concrete block building heated by an oil furnace located in a wooden shed attached to the middle of the rear wall of the building; the shed could be entered only from the building through a doorway which had no door and there was also a window place without glass in it between the building and the shed; there was no explosion; and the. only, evidence as to what happened *518 was that there was a “poof” and shortly thereafter fire was rolling out of the window from the furnace room into a truck in the garage. Of the two employees of plaintiff, who were present when the fire started, only one, the brother of the plaintiff, testified.
The majority opinion apparently endeavors to answer the contention of defendant Wells “that the fire could have started from cleaning fluid found in a flat tray on a workbench in the garage which was observed to be burning during the conflagration,” only with the statement that “the fire was originally observed to come into the garage from the furnace room.”
The evidence disclosed that the cleaning fluid was a flammable liquid that gave off vapors and was located in a two-foot by more than one-foot pan only about five feet from one of the openings to the furnace shed.
One of the expert witnesses testified that flammable vapor could have been drawn into the furnace with air by the combustion fan and caused a vapor flash-back to the source of the vapor. Even plaintiff’s expert witness recognized such a vapor flash-back as a possible cause of the fire. Since there was admittedly no evidence of any explosion in the furnace and there was evidence of the presence of flammable vapor producing liquids near the furnace, such a vapor flash-back would appear at least as, if not a more reasonable explanation for the cause of the fire than any act or failure to act of defendant. We can probably take judicial notice of the substantial danger of fire involved in having a pan of flammable liquid located near a furnace that is operating. Everyone is familar with warnings of such a danger printed on labels of containers of such flammable liquids.
Also, bearing in mind that this was a garage building with motor vehicles in it, the following remarks from the opinion in St. Marys Gas Co. v. Brodbeck, Admr. (1926), 114 Ohio St., 423, 431, 151 N. E., 323, suggest another reason why this is not a res ipsa situation:
“The gas company can only be held responsible in the event that it was an explosion of natural gas. * * * while it is stated that gasoline was not stored in the garage, it is shown that an automobile was stored in the garage, which! used gaso *519 line as a mobile power. * * * an explosion from gasoline fumes might be inferred as well as one from natural gas.”
One of the assignments of error of defendant Wells in the Court of Appeals was that “the verdict of the [three-judge trial] court is against the manifest weight of the evidence.” Probably because of the unanimous findings in the journal entry of the Court of Appeals “that there is no evidence * * * in the record of any negligent acts or conduct * * * 0f * * * defendant * * *, nor is there established by evidence circumstances which make negligence a proper and logical inference,” the Court of Appeals did not pass upon that assignment as to the weight of the evidence. Thus, the judgment of this court, reversing the judgment of the Court of Appeals and affirming the judgment of the Common Pleas Court, will deprive defendant Wells of any right to have the Court of Appeals ever pass upon the weight of the evidence. Even if the majority of this court should be correct in its conclusion that plaintiff established a res ipsa case, the judgment of this court should either (1) regard the unanimous judgment of the Court of Appeals as indicating its conclusion that the so-called verdict of the trial court was against the weight of the evidence and therefore remand the cause to the Common Pleas Court for a new trial or (2) remand the cause to the Court of Appeals so as to give that court an opportunity to pass upon the weight of the evidence.
Zimmerman and O’Neill, JJ., concur in the foregoing dissenting opinion.