Herbert, J.,
dissenting. I am unable to agree with the majority opinion’s conclusion that “it is just as reasonable to infer that the dangerous condition causing the injury resulted from an act of a customer as to infer negligence on the part of the storeowner, and the doctrine of res ipsa loquitur is not applicable.” (Emphasis added.)
It is well established in Ohio that the doctrine of res ipsa loquitur is a rule of evidence which permits but does not require the jury to draw an inference of negligence. Renneckar v. Canton Terminal Restaurant, Inc., 148 Ohio St., 119; 39 Ohio Jurisprudence (2d), 742, Negligence, Section 153. As the majority opinion indicates, “where the facts are such that an inference that the accident was due to a cause other than the defendant’s negligence could be drawn as reasonably as that it was due to his negligence, the doctrine does not apply.” (Emphasis added.) 39 Ohio Jurisprudence (2d), 747, Negligence, Section 155.
*126 The record in this case indicates the following facts. Defendant’s supermarket, where plaintiff alleges to have been injured, was in the process of being remodeled. Defendant caused to be exposed a channel in the floor eight inches deep and six to eight inches wide which ran in a straight line parallel with the side walls from the front to the rear of the store. Display counters were placed over this channel at intervals, leaving sufficient aisle space between such display counters. The defendant desired to keep its store open for business during the remodeling process.
The owner and manager of the defendant consulted a contractor who advised him to place boards over the exposed portions of the channel in the aisleways. The contractor expressly advised the owner that cleats should be attached to the bottom sides of the boards, such cleats extending down into the channel adjacent to the sides of the channel to keep the hoards stationary. The work of fitting the boards to the channel and affixing the cleats to the boards was done by the owner and his employees. The owner testified that the boards were 18 inches wide and 36 to 40 inches long; that he did not see his employees construct all the boards; and that he did not see cleats attached to all the boards. The owner admitted that if the boards were constructed properly there could be no movement transverse to the floor. It was thus impossible for anyone to move the boards by walking or standing on them or pushing a cart across the boards, in the absence of negligent construction. Lateral movement was possible only if the boards were picked up to such a height that the cleats cleared the channel sidewalls.
The boards could have been picked up by a customer, employee or stranger tampering with them. However, it is “Horn-book law” that the possibility of deliberate tampering by a stranger, in the absence of some evidence to indicate it, is not a reasonable inference which will counterbalance another reasonable inference established by the facts and circumstances of the case that the defendant was negligent. Prosser, Torts (3 Ed.), 223 and 224, Section 39. Thus, the facts of this case simply do not warrant any inference that some other cause was responsible for the accident.
The cases relied upon by the majority opinion either in *127 volved a dangerous instrumentality located in a purely public place (Renneckar v. Canton Terminal Restaurant, Inc., supra; City of Cleveland v. Amato, 123 Ohio St., 575) or the facts and circumstances gave rise to a reasonable inference that the injury was not due to the defendant’s negligence (Sherlock v. Strouss-Hirshberg Co. [1936], 132 Ohio St., 35).
It is, of course, not enough in a res ipsa case that the plaintiff merely suggest a possibility of negligence. The trial court is, in determining whether the doctrine is applicable, guided by the following rule:
“The plaintiff is not required to eliminate with certainty all other possible causes or inferences, which would mean that he must prove a civil case beyond a reasonable doubt. All that is needed is evidence from which reasonable men can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not. It is enough that the court cannot say that the jury could not reasonably come to that conclusion. Where no such balance of probabilities in favor of negligence can reasonably be found, res ipsa loquitur does not apply.” Prosser, Torts (3 Ed.), 222, Section 39.
The majority opinion impliedly suggests that exclusive control of the instrumentality causing the injury was lacking in the instant case. Admittedly, the element of “exclusive control” was strictly construed during the original development of the doctrine of res ipsa loquitur. The modern trend of authorities however reject such strict interpretation. An excellent review is contained in Crabb and Johannson, Res Ipsa Loquitur De Novo (1963), 15 Maine L. Rev., 55. Further this court has rejected any such strict construction. See Schafer v. Wells (1961), 171 Ohio St., 506, 511, annotated in 30 Cin. L. Rev., 543 (1961); Cusumano v. Beverages, Inc., No. 39031, motion to certify overruled November 25, 1964.
The modern view concerning exclusive control is as follows:
“There is now quite general agreement that the fact that the plaintiff is sitting on the defendant’s stool when it collapses or has possession of an exploding bottle, or a loaf of bread with glass baked inside of it, or is using an appliance, which the *128 defendant has manufactured, will not prevent the application of res ipsa loquitur when the evidence reasonably eliminates other explanations than the defendant’s negligence.” Prosser, Torts (3 Ed.), 225, Section 39.
In addition to the sharp criticism directed towards any strict interpretation .of the element of “exclusive control” by modern authorities (see 2 Harper & James, Law of Torts, 1081, cited in Schafer v. Wells, supra; Prosser, Torts [3 Ed.], 224, Section 39), note that the tentative draft of the second Restatement of Torts abandons that terminology in favor of the following :
“(b) Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant’s duty to the plaintiff.” Restatement, Torts (2d), Section 328 D (1) (Tent. Draft No. 5, 1960).
A perusal of the modern case law in Ohio and other jurisdictions indicates that the term, “exclusive control,” has come to mean that the defendant had the power or right to control and the opportunity to exercise that control. For a review of Ohio law, see Knepper, Pleading in Res Ipsa Loquitur Oases (1962), 23 Ohio St. L. J., 450. It is enough that this power or right to control existed because the defendant was under a nondelegable duty to exercise care for the plaintiff’s safety.
In the instant case, defendant was under a common-law duty as well as a statutory duty to provide a safe place for persons lawfully upon the premises. See Section 4101.11, Revised Code (duty of employer to protect employees and frequenters). Defendant possessed both the power and the right to prohibit ingress into any portion or portions of the store. By its own volition, it chose to permit ingress to those portions of the store wherein remodeling was taking place. Obviously, the defendant should not be liable for the unknown acts of intermeddlers who might create potential dangers for its customers. But the plaintiff should not be denied redress for injuries merely because members of the public were permitted by the defendant to travel in the portions of the store undergoing remodeling and there existed a mere possibility that they could tamper with the boards.
*129 The majority opinion ignores one of the basic concepts of the doctrine of res ipsa loquitur: Evidence of the true explanation of the accident was more accessible to the defendant. It is true that an injured party can scarcely make out a case of negligence by merely proving that he knew less about the cause of the accident than the defendant. But in this case, the defendant chose to remain open during remodeling, it designed and constructed the instrumentalities which allegedly caused the injury, and it caused these instrumentalities to be installed. In spite of this close connection, defendant seeks to avoid explaining the accident by merely pointing out that other members of the public had an opportunity to tamper with the boards. The owner-manager of the defendant could not even testify whether all the boards were properly constructed!
The trial judge, when requested by the plaintiff to charge the jury on the doctrine of res ipsa loquitur, was governed by the following rule.
“The facts and circumstances surrounding the particular case determine whether res ipsa loquitur is applicable, and, in determining its applications, the evidence must be viewed most favorably to the plaintiff.” 39 Ohio Jurisprudence (2d), 741, Negligence, Section 151.
Both sides argued in the trial judge’s chambers as to whether res ipsa was applicable. It is clearly not unreasonable that the trial judge, considering the facts and circumstances of this ease, found that on the whole it is more likely that there was negligence associated with the accident than that there was not. See James, Functions of Judge and Jury in Negligence Cases (1949), 58 Yale L. J., 667. On appeal, three Court of Appeals judges came to this same conclusion. And at least two judges of this court are of that same view. Thus, at least six judges have independently considered the facts and circumstances of this case and concluded that the defendant had sufficient exclusive control, and it is more probable that there was negligence associated with the defendant’s action than not— all that was required for the plaintiff to prove to entitle her to have the jury consider a permissive inference of negligence upon the defendant’s part, res ipsa loquitur.
There remains only defendant’s second contention, that is, *130 whether it was entitled under the guise of special interrogatories to have the jury state what the defendant’s negligence consisted of. This is patently contrary to the spirit of the doctrine of res ipsa which allows but does not require the jury to infer negligence of the defendant. Because there is no direct evidence explaining the accident, the jury would be required to speculate as to what facts constitute negligence. This is not allowed. Welch v. Rollman & Sons, Inc., 70 Ohio App., 515.
For the aforementioned reasons, I find (1) that the trial judge’s determination that res ipsa loquitur was applicable to the facts and circumstances of this case was reasonable, and (2) that error was committed in requiring the jury to state specific facts which constituted negligence on the defendant’s part. The judgment of the Court of Appeals should be affirmed.
Matthias, J., concurs in the foregoing dissenting opinion.