SHANNON, APPELLANT, *v.* JALLER ET AL., APPELLEES.

(No. 2998—Decided April 15, 1966.)

*Messrs. Baggott & Ernst,* for appellant.

*Messrs. Harshman, Young, Colvin & Alexander,* for appellee Julie Doll.

*Messrs. Bieser, Greer & Landis,* for appellees Michael M. Jaller and Mary A. Kurtz.

CRAWFORD, J. This case comes to us upon the pleadings. The essential questions are whether plaintiff, appellant herein, may invoke the doctrine of *res ipsa loquitur* in alleging his cause of action, and whom he may join as defendants.

The petition alleges that on or about August 6, 1963, plaintiff entered St. Elizabeth's Hospital, where he was operated upon by defendant Michael M. Jaller, a physician and surgeon, for the removal of a calcified deposit in the right shoulder joint; that Dr. Jaller was assisted by the other three defendants, Aldo Rossini, Mary A. Kurtz and Julie Doll, all registered nurses; that when plaintiff went into surgery he had no impairment of the radial or ulnar nerves in the right arm; that following the surgery he was unable to extend certain fingers of his right hand, suffered restriction of movement in his right wrist, numbness in his right hand, soreness and discomfort in his right hand and wrist, "and that such injuries do not arise in the course of said surgery in the exercise of ordinary care, skill and diligence"; and that what happened during surgery is unknown to plaintiff due to his anesthetized condition, but "is within the exclusive knowledge of the defendants present in surgery during plaintiff's unconsciousness, as to what happened to cause his injury while under their care and control."

Apparently, service of summons was not obtained on defendant Rossini. Defendant Doll demurred to the petition for failure to state a cause of action against her. Defendant Kurtz moved to make the petition definite by alleging when and how plaintiff claims she assisted defendant Dr. Jaller. Defendant Jaller moved to make definite in several particulars and to strike certain portions of the petition.

The demurrer of defendant Doll and the motion of defendant Kurtz were sustained. The motion of defendant Jaller was sustained in part, perhaps the most significant being with respect to the striking of the allegation "that such injuries do not arise in the course of said surgery in the exercise of ordinary care, skill and diligence." Although these words are in the form of a legal conclusion, they constitute a necessary and, therefore, permissible allegation for invoking the rule of *res ipsa loquitur,* which otherwise could not be stated.

The principle of *res ipsa loquitur* is well established in Ohio. It is usually expressed in some such language as that

found in the first paragraph of the syllabus of *Schafer* v. *Wells* (1961), 171 Ohio St. 506:

"*Res ipsa loquitur*, as a rule of evidence permitting but not requiring the jury or, where there is no jury, the trial court to draw an inference of negligence, may be applicable in a case where the instrumentality causing the injury is shown to have been within the exclusive management and control of the defendant and where the circumstances attending the injury were of such a character as to warrant the conclusion that, in the ordinary course of events, such injury would not have occurred if ordinary care had been observed. (Paragraph one of the syllabus of *Renneckar* v. *Canton Terminal Restaurant, Inc.*, 148 Ohio St. 119, and paragraph one of the syllabus of *Soltz* v. *Colony Recreation Center*, 151 Ohio St. 503, approved and followed.)"

See, also, *Fink* v. *New York Central Rd. Co.* (1944), 144 Ohio St. 1.

Frequently emphasized as being of considerable weight in determining the applicability of the doctrine is a situation where the facts are peculiarly within the knowledge of the defendant. 38 American Jurisprudence 954, Negligence, Section 262.

The cases just cited and many others point out that the doctrine of *res ipsa loquitur* is not a substantive rule of law, but a rule of evidence which permits but does not require the jury to draw an inference of negligence under the conditions presented. It is not surprising, therefore, that the question in most of the cases which have been cited in the briefs and of which we have knowledge arises at the trial rather than upon the pleadings.

In his petition plaintiff has joined as defendants the nurses who assisted defendant Dr. Jaller, asserting the right to join principal and agent, under Section 2307.191, Revised Code. It appears to us that the question is not one of joinder, but rather whether the principle of *res ipsa loquitur* shall apply to one who is not in charge, but only assists the person who is. By the very definition of the doctrine, it cannot be applied to one who is not in control. The person in control will be responsible for any negligence of his agents: but in the circumstances alleged there can

be no inference of negligence not pleaded against any of the nurses, who were not in control.

We find no error in the rulings on the motion and demurrer of the two defendant nurses.

It is our opinion that the petition alleges a cause of action against the defendant Jaller. According to the petition, plaintiff placed his life and his health in Dr. Jaller's hands. The surgeon is the one person exclusively in charge in the operating room. While it is true that he cannot insure the success of the operation, yet the exercise of ordinary care requires of him a high degree of diligence. It must be presumed that he, rather than the plaintiff, is charged with knowledge of what occurred during surgery. In event of disaster, the rule of *res ipsa loquitur* requires of him an explanation.

Defendants object that plaintiff has not identified the "instrumentality" which caused the harm. In most of the cases some physical object or substance has been so identified. Plaintiff's obvious inability to do so here because of his condition should not defeat his claim; rather, it is a striking demonstration of the need of the doctrine if he is not to go remediless.

That the term, "instrumentality," as used in connection with *res ipsa loquitur* must be accepted in a much broader sense than as a perceptible object is clear from the cases. For example, in *Soltz* v. *Colony Recreation Center* (1949), 151 Ohio St. 503, Judge Taft, speaking for the court, frequently employs such terms as "agency or occurrence," "instrumentality or occurence," and the like. Where a defendant is in complete control of a procedure which results in injury and he alone has the means of knowing what occurred, it would appear to do violence to the principle behind the rule of *res ipsa loquitur* to require plaintiff to allege how and by what physical means his injury occurred.

The Supreme Court's broad interpretation of the word, "instrumentality," further appears in *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1, on page 9.

This *Oberlin case* was emphasized by appellee Jaller in argument. Paragraph three of the syllabus thereof states:

"Generally, the doctrine of *res ipsa loquitur* is not applicable in malpractice actions in which its claimed applicability is

based solely upon the fact that the treatment was unsuccessful or terminated with poor or unfortunate results."

We do not understand this language to mean that in all circumstances a particular profession enjoys immunity from the application of *res ipsa loquitur*.

In that case, as in most of the cases cited, the plaintiff was given his day in court, and it was only after he had presented his evidence that the court decided upon the applicability of the doctrine to the facts. It is interesting to note that the defendant in that case was an anesthetist and not the surgeon. We believe the same consideration should be given the plaintiff here.

The case of *Fowler, a Minor, v. Seaton* (1964), 61 Cal. 2d 681, 394 P. 2d 697, cited by plaintiff, while not binding upon this court, furnishes a striking example of the helplessness of a plaintiff in such a situation as the present if he were required to identify the "instrumentality" and manner of his injury. That was a case of a small child who was grievously injured while in preschool nursery. Obviously she had suffered a severe blow to the head. It would be a denial of the doctrine to require that she allege and prove what struck her and how.

In the present case, it is our opinion that it was error to require plaintiff to allege when the operation was claimed to have been performed, or to state the manner in which defendant Jaller was assisted by the nurses. The precise nature of plaintiff's claim was already clearly stated. See Section 2309.34, Revised Code. Furthermore, he alleged that he did not know what occurred during the operation. It was also erroneous to require him to strike the averment already quoted, which is a necessary part of a petition invoking the doctrine of *res ipsa loquitur,* "that such injuries do not arise in the course of said surgery, in the exercise of ordinary care, skill and diligence."

We find these errors to have been prejudicial to the rights of the plaintiff.

The judgments in favor of the defendants Doll and Kurtz will be affirmed; that in favor of defendant Jaller will be reversed, and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment accordingly.*

SHEREE, P. J., and KERNS, J., concur.