OPINION
{¶ 1} Plaintiffs-appellants Edward McConaughead and his wife, Edna Mae McConaughead, appeal the January 27, 2004 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee Nick Horaitis, and denying appellants' cross-motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 11, 2002, appellant Edward McConaughead was descending an interior staircase in his daughter's home, when the staircase ruptured beneath him, causing him to fall into the staircase. As a result of the fall, McConaughead suffered severe injuries to his groin, right leg, right knee, back and his right testicle was amputated. At the time of the accident, the stairs were covered with carpet. McConaughead's daughter leased the premises from appellee, Nick Horaitis.
 {¶ 3} Appellants brought this action in the Stark County Court of Common Pleas for the sustained injuries and loss of consortium. On December 31, 2003, appellee filed a motion for summary judgment. Appellants filed a cross-motion for summary judgment. On January 27, 2004, the trial court, via Judgment Entry, granted summary judgment in favor of appellee, denying appellants' cross-motion for summary judgment. On April 8, 2004, the trial court denied appellants' motion for relief from judgment.
 {¶ 4} It is from the trial court's January 27, 2004 Judgment Entry appellants now appeal, assigning as error:
 {¶ 5} "I. The trial court erred by holding that there is no issue of material fact as to whether defendant-appellee had notice of the defect in the apartment he leased to the daughter of the plaintiff-appellant.
 {¶ 6} "II. The trial court's finding that plaintiffs provided no evidence of the nature of the defect and its role in the accident was made in error."
 I, II {¶ 7} Appellants' assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ. R. 56 which provides, in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 {¶ 10} "A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164,1997-Ohio-259, citing Dresher v. Burt, (1996), 75 Ohio St.3d 280,662 N.E.2d 264.
 {¶ 12} It is based upon this standard we review appellants' assignments of error.
 {¶ 13} Appellants assert the trial court erred in finding there was not a genuine issue of material fact regarding notice of the alleged defect to appellee landlord. In support, appellants cite the deposition testimony of Edward McConaughead:
 {¶ 14} "Q. And had anybody including your daughter ever warned you about any problems with the steps?
 {¶ 15} "A. No. But I had my daughter, I told her, I says, `You know what, something's wrong with these steps.' She said, `No." I said, `You need to call the landlord and tell him to come look at these steps.' That I can remember saying. And she did do that.
 {¶ 16} "Q. What did you tell her were wrong with the steps?
 {¶ 17} "A. I said it seems like, because when you go up the steps, it seemed like they had a board or something in there, you know what I'm saying? I'm just describing what I felt. When I went up the steps, I've been telling her about them steps, I said, You know what, I think they have got a board or something, something with these steps ain't right. She said well, she would call. I said, `You need to have them look at them.' That I remember telling her.
 {¶ 18} "Q. Did they seem, the steps seem weak to you?
 {¶ 19} "A. You know what, they were covered up with carpet. They just felt funny. You know what I'm saying? That's all I can say, they just felt funny. I don't know. I told her. It was like somebody had put a board in there or something. I said, You know what, these steps, there's something funny about it, and that's all.
 {¶ 20} "Q. And you told your daughter to call the landlord?
 {¶ 21} "A. Yes. And I'm sure she did, she did call him and tell him.
 {¶ 22} "Q. Do you remember how soon before the accident that — was it before the accident she called?
 {¶ 23} "A. Way before the accident. Way before. I complained about it when I first came there. He knew."
 {¶ 24} Tr. at 16-17.
 {¶ 25} The trial court found McConaughead's testimony regarding his daughter's statement to appellee inadmissible hearsay:
 {¶ 26} Evidence Rule 801 defines hearsay:
 {¶ 27} "A. Statement
 {¶ 28} "A "statement is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion.
 {¶ 29} "B. Declarant
 {¶ 30} "A "declarant" is a person who makes a statement.
 {¶ 31} "C. Hearsay
 {¶ 32} "Hearsay" is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."
 {¶ 33} The relevant inquirty, as stated in Rule 801 above, is whether the statement is offered to prove the truth of the matter asserted. In this case, the statement is being offered to demonstrate notice, not to prove the steps were, in fact, defective. McConaughead testified he told his daughter to call, and she did. The statement is not offered to prove the steps were defective as alleged in the complaint; therefore, the statement is not hearsay.
 {¶ 34} Having found the deposition testimony admissible non-hearsay, the evidence offered by appellants demonstrates a genuine issue of material fact remains as to whether appellee was provided notice of the defect. Accordingly, summary judgment on the issue was inappropriate.
 {¶ 35} Appellant further argues the trial court erred in granting summary judgment for appellee because appellant failed to present evidence of a defect in the steps.
 {¶ 36} The doctrine of res ipsa loquitur creates an inference of negligence upon proof appellee had exclusive control of the instrument causing injury and the accident was one that would not ordinarily happen in the absence of negligence. Waite v. Thomas Emery's Sons (Hamilton 1940), 32 Ohio Law Abs. 521 (where plaintiff fell through a loose board in an attic used by joint tenants). "To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under theexclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed."Glowacki v. North Western Ohio Ry. Power Co. (1927), 116 Ohio St. 451,157 N.E. 21; Fink v. New York Central Rd. Co., supra; Renneckar v. CantonTerminal Restaurant (1947), 148 Ohio St. 119, 73 N.E.2d 498; Soltz v.Colony Recreation Center, supra; Krupar v. Procter Gamble Co. (1954),160 Ohio St. 489, 117 N.E.2d 7; Schafer v. Wells (1961), 171 Ohio St. 506,172 N.E.2d 708. (Emphasis added). Whether sufficient evidence has been adduced at trial to warrant application of the rule is a question of law to be determined initially by the trial court, subject to review upon appeal. See, Hake v. George Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65.
 {¶ 37} Appellants argue appellee did in fact have exclusive control over the staircase; therefore, the res ipsa doctrine applies. We agree. A tenant's possession of the premises is not equivalent to control; nor does possession negate a landlord's "exclusive" management and control.
 {¶ 38} The Ohio Landlord Tenant Statute imposes the exclusive duty of repair and maintenance upon the landlord. Accordingly, appellee landlord, not appellants, had "exclusive control" over the maintenance and repair of the stairs. Further, the alleged defect sub judice was covered by carpeting on the stairs. To inspect the alleged defect would have required removal of the carpeting by the tenant. We find the authority to remove the carpet and make any necessary repairs discovered rests with the landlord, and would require approval of the landlord. Based upon the foregoing, we find appellee landlord maintained exclusive maintenance and control over the alleged defect, despite the tenant's possession of the premises.
 {¶ 39} Construing evidence in a light most favorable to appellants pursuant to Civ. R. 56, we find reasonable minds could differ as res ipsa loqutor applies in this case.
 {¶ 40} There is sufficient evidence to place before a jury the issue of whether the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed, and summary judgment on the issue was improper.
 {¶ 41} Appellants' first and second assignments of error are sustained.
 {¶ 42} The January 27, 2004 Judgment Entry of the Stark County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings in accordance with the law and this opinion.
Hoffman, P.J. and Farmer, J. concur.
Edwards, J. concurs separately.